## GEORGE BRENNER v. NICHOLAS EGLY.

1. PARTIES TO ACTION; *Practice; Error.* E. sued A. and G. in Atchison county, for money on a promissory note. A. and G. both resided in Doniphan county, but E. procured a personal service of summons on A. in Atchison county first, and then procured service of summons on G. in Doniphan county. A. answered, setting up that a judgment had previously been rendered against him on said note. G. answered, setting up that he signed said note as surety only, and asking that his rights be protected under § 470 of the civil code, and also asking that if judgment should not be rendered against A., that the action should be dismissed as to him, G. The court found on the trial that the plaintiff could not recover as against A., and also found that A. signed said note as principal, and G. as surety; that A. was insolvent; that there was then due on the note $1,009.87; that a judgment had previously been rendered on the note against A., which judgment was still in force, wholly unsatisfied; that G. had received no benefit from the note; and as a conclusion of law from the foregoing, found that the plaintiff was entitled to recover a judgment against G. for said amount and costs. The court permitted the plaintiff to dismiss his action against A., but overruled a motion made by G. to dismiss the action as to him. This motion was made on the grounds of the manner of said service of summons, and said dismissal as to A., and all the facts were shown on the hearing. The court rendered judgment against G., in accordance with said conclusion of law. *Held,* Error; that the action should have been dismissed as to G., after the plaintiff failed to obtain judgment against A.

2. SECS. 55 AND 60, CH. 80, OF GEN. STAT., *Construed.* In no case can an action for money on a promissory note or other joint and several contract be brought outside of the county where the defendant resides or may be summoned, by merely uniting with him as a co-defendant some unreal or imaginary party, against whom no judgment could be properly rendered. And if, in such a case, the defendant that was served with summons in the county where the action was brought, obtains a judgment in his favor; or if the plaintiff voluntarily dismisses his action as to him, it will be presumed that such defendant was not a real or proper party to the action, but that he was made a party merely for the purpose of suing the other and the real party, in a county in which he did not reside, nor could be summoned. (Civil code, §§ 55, 60, Compiled Laws 1879, p. 608.)

### *Error from Atchison District Court.*

ACTION brought by *Egly* against *Adam Brenner* and *George Brenner*, upon a promissory note by them executed to the

plaintiff. At the November Term, 1878, of the district court, judgment was rendered for the plaintiff, and against the defendant *George Brenner*, who brings the case to this court. The facts fully appear in the opinion.

*W. W. Guthrie*, for plaintiff in error.

*Everest & Waggener*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note, executed by Adam Brenner and George Brenner to the plaintiff, Nicholas Egly. Both the Brenners resided in Doniphan county. Egly had previously obtained a judgment on the note against Adam Brenner in the state of Missouri, but had never before sued George Brenner. This action was commenced in Atchison county against both Adam and George Brenner. The plaintiff obtained service of summons on Adam Brenner in Atchison county, and afterward obtained service of summons on George Brenner in Doniphan county. Adam Brenner answered, setting up said former judgment rendered against him in the state of Missouri, giving a copy of the record thereof. George Brenner answered, setting up that he signed said note as surety only, and asking that his rights be protected under § 470 of the civil code (Comp. Laws of 1879, p. 664), and further asking that if the plaintiff should fail to recover a judgment against Adam Brenner, then that the action should be dismissed as against him, George Brenner. A trial was had before the court without a jury, and after all the evidence was introduced, and "after argument by counsel, the court at the time announced that its decision in the case would be that plaintiff was not entitled to recover against defendant Adam Brenner and was entitled to recover against defendant George Brenner, a several obligor on said note. Whereupon the plaintiff asked leave of the court to dismiss his said action as to the defendant Adam Brenner alone, without prejudice, to which each of the defendants at the time objected; but the court overruled such objec-

tions, and allowed the plaintiff to dimiss his said action without prejudice as to said Adam Brenner alone, and which plaintiff accordingly did; and to which decision and action of the court, and such dismissal as to said Adam Brenner, each of the defendants at the time duly excepted." George Brenner then moved the court to dismiss the action as against him, on the ground that as the court had obtained jurisdiction by virtue of the service of a summons first on Adam Brenner personally in Atchison county, and then on George Brenner personally in Doniphan county, where he resided, and the court then having dismissed the action as to Adam Brenner, had thereby lost the right to exercise jurisdiction over George Brenner. On the hearing of this motion it was shown that both of the defendants resided in Doniphan county at the time this suit was commenced and prior thereto continuously down to the time of the hearing, and that neither of them had resided in Atchison county, and that the service of summons was made on the defendants as above stated and not otherwise. But the court overruled the motion, and the defendants duly excepted. The court then announced its findings, which were substantially as follows: First, that Adam Brenner signed the note as principal and George as surety; second, that Adam Brenner was insolvent; third, that there was then due on the note $1,009.87; fourth, that a judgment had previously been rendered on the note against Adam Brenner in the state of Missouri; fifth, that the judgment was still in full force, wholly unsatisfied; sixth, that George Brenner had received no benefit from the note. And the court then found, as a conclusion of law, that the plaintiff was entitled to recover a judgment against George Brenner for said amount and costs. The defendant George Brenner duly excepted, and then moved for a new trial, and also moved for a judgment on the findings dismissing the plaintiff's action as to him; but the court overruled the motions, to which rulings the defendant excepted. The court then rendered judgment against George Brenner in accord-

ance with said conclusion of law, to the rendering of which the defendant duly excepted.

We think the court below erred in not dismissing the action as to George Brenner, after it had dismissed the action as to Adam Brenner. The action was not rightly brought in Atchison county. Adam Brenner was no proper party to the action. The cause of action on the note against him had already and long prior to that time been merged in a judgment. And Adam Brenner being no proper party to the action, he could not be used for the purpose of acquiring jurisdiction over George Brenner. (*Dunn v. Hazlett,* 4 Ohio St. 435.)

1. Parties to action; practice; error.

Sec. 55 of art. 5 of the civil code, provides that "every other action must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned." (Comp. Laws 1879, p. 608.) This section applies to this case. But under this section the plaintiff could not get service of summons on George Brenner, for he did not reside and was not to be found in Atchison county. Hence he resorted to the provisions of § 60 of the civil code for his remedy, which section provides that "where the action is *rightly* brought in any county, according to the provisions of art. 5, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request." (Comp. Laws 1879, p. 608.) But this section is not applicable to this case. The action was not "*rightly* brought" in Atchison county; for, as we have already stated, Adam Brenner was no proper party to the action, and George Brenner did not reside nor could he be summoned in Atchison county. Besides, it was a great wrong against George Brenner to sue him outside of his own county, and then to take judgment against him alone, upon a debt for which he was only a surety. With §§ 55, 60 and 470 of the civil code, taken together, the rights of a surety in cases like the present are pretty well protected; for where a surety is sued outside of his own county, he must under §§ 55 and 60 be sued in

connection with his principal, or with some co-surety. If sued with his principal, as in this case, he may under § 470 have his principal's property first exhausted in satisfying the debt before his can be seized. But even where he is sued with his co-surety only, the judgment must be rendered against *both*, and not merely against him alone; and this of course is of some value to him, provided the sureties ever have the debt to pay. But in no case can an action for money on a promissory note or other joint and several contract be brought outside of the county where the defendant resides or may be summoned by merely uniting with him as a co-defendant some unreal or imaginary party, against whom no judgment could be properly rendered. In all such cases both the defendants should be real parties and proper parties to the action, and should be shown to be such on the trial of the case, or no judgment should be rendered against the defendant not served with summons in the county where the action was brought. If the defendant who was served with summons in the county where the action was brought obtains a judgment in his favor, or if the plaintiff voluntarily dismisses his action as to him (as was done in this case), then it will be presumed that such defendant was not a real or proper party to the action, but that he was made a party merely for the purpose of suing the other and the real party in a county in which he did not reside nor could be summoned. And in such a case no judgment should be rendered against the real party; for presumedly the service of summons upon him was procured wrongfully, and in violation of the spirit of said §§ 55 and 60. In such a case, the action should be dismissed as to said real party.

2. Secs. 55 and 60, ch. 80, Gen. St., construed.

The judgment of the court below will be reversed, and cause remanded with the order that the plaintiff's action against George Brenner be dismissed.

All the Justices concurring.