E. R. VAN HORN AND CHARLES VAN HORN, *Partners as Van Horn Brothers,* v. THE GREAT WESTERN MANU-FACTURING COMPANY, *of Leavenworth.*

SUMMONS; *Service Obtained by Fraud.* Where a person by fraud and deceit inveigles another into the jurisdiction of the court for the purpose of suing him and of obtaining service of summons upon him in that jurisdiction, the summons and the service thereof should be set aside. Such an abuse of judicial process cannot be tolerated in any court of justice.

*Error from Pawnee District Court.*

ACTION brought in the district court of Pawnee county by E. R. Van Horn and Charles Van Horn, partners under the firm-name of *Van Horn Brothers,* against *The Great Western Manufacturing Company,* of Leavenworth, Kansas, a firm consisting of John Wilson and D. F. Fairchild, to recover $33,200, for alleged loss and damages. Service of summons was made upon Wilson in Pawnee county, and upon Fairchild in Leavenworth county. The defendants moved to set aside the summons and the service thereof upon various grounds, among which were the following: No security for costs was given; the summons was not properly attested by any seal of the court; and the service of summons was procured by fraud, trick, device, and deception. On March 24, 1885, the motion was heard

by the court upon affidavits and oral testimony, and the court made the following findings and conclusion, to wit:

"FINDINGS OF FACT.

"1. Plaintiffs, Charles Van Horn and E. R. Van Horn, partners as Van Horn Brothers, reside and do business in Larned, Pawnee county, Kansas; defendants, John Wilson and D. F. Fairchild, partners as the Great Western Manufacturing Company, reside and do business in Leavenworth, Leavenworth county, Kansas; in 1881, plaintiffs purchased from defendants a large amount of milling machinery, supplies, etc., which were paid and settled for a long time prior to the commencement of this action; in 1883 a small purchase was again made by plaintiffs, and paid for about the same time; in 1883 and 1884, and not later than February 11, 1884, of that year, plaintiffs again purchased a large amount of such machinery and material; which latter account was closed up by plaintiffs giving their note to defendants for the amount on June 17, 1884, due in six months.

"2. The flouring mill of plaintiffs, in Larned, Kansas, was not run with the roller process; and on October 20, 1884, plaintiffs wrote a letter to defendants, of which the following is a copy:

"'LARNED, KANSAS, Oct. 20, 1884.—*John Wilson, Great Western Mf. Co., Leavenworth, Kansas:* We have got to put in rolls to compete with this mill here, and the quicker we can get it done the better for us. We want you to come here and see us and fix us up right, and we want Mr. Wilson to come in person, and not an agent or proxy. You can leave home on night train and get here at noon next day, and leave here on 4 P. M., arrive home next morning. Telegraph what time you will be here.	Respectfully yours,	VAN HORN BROS.

"'P. S.—We ran with gear before we changed.'

"In pursuance of said letter, defendant John Wilson telegraphed the plaintiffs that he would arrive in Larned on Saturday, Oct. 25, or Sunday, Oct. 26, 1884. Wilson did arrive in Larned on said Sunday, and on Sunday evening had a general conversation with plaintiff Chas. Van Horn, and they made an appointment to meet at Van Horn's office the next morning (Monday) to confer about their business; they met the next morning and conversed about three hours, during which time Van Horn informed Wilson 'that defendants had in 1881, 1883 and 1884, while furnishing the said material, supplies, etc., agreed to fix plaintiffs' mill so that it would make good flour and compete with neighboring mills, and that the mill was a failure,' and plaintiffs demanded compensation in a large sum, having been damaged; Wilson said

if that was what Van Horn got him to come to Larned for, he would talk no longer with him; thereupon Van Horn went out, and shortly afterward Wilson was served with a summons in this case; Van Horn pointed him out to the officer; the summons in the case was issued about half-past eleven o'clock Monday morning, Oct. 27, 1884.

"3. On Saturday, Oct. 25, 1884, plaintiffs made preparations to institute this suit, and gave to J. K. Doughty, one of their attorneys, the items of their claims as they now appear in the petition; plaintiffs had also consulted W. H. Vernon, an attorney at law, about the suit, at least two days prior to Monday, Oct. 27, 1884; on Sunday, Oct. 26, 1884, Mr. Doughty, to whom the items were given, drew up a draft of a petition on such items and submitted it to Mr. Freeland, his partner, and attorney in this case, on the same day; Mr. Freeland approved of it; Mr. Doughty did not know on Sunday that defendant Wilson had arrived; Doughty came to his office about half-past eight Monday morning and commenced work on the petition which was filed in the case, and was preparing the papers while Van Horn was talking with Wilson.

"4. Wilson came to Larned from Leavenworth, believing that he would secure the contract for putting a roller process in plaintiff's mill, and believed that such was the motive of plaintiff in writing the letter, and he and his co-defendant did not know he was going to be sued, and did not know that plaintiffs claimed to have any cause of action for damages against the defendants before Van Horn made the demand of him on Monday morning, Oct. 27, 1884; plaintiffs never at any time wrote or otherwise communicated the fact of such a claim to defendants, or either of them, before said morning; if Wilson had known of such claim, or that he would be sued, he would not have come to Larned; after he was notified of such claim he did not have time to leave the county before the summons was served; plaintiffs wrote the letter above copied for the purpose of procuring Wilson to come within the jurisdiction of this court for the purpose of suing him.

"5. When the petition and precipe in this case were presented to the clerk of this court for filing, Mr. Doughty also presented a bond for costs, signed alone by the plaintiffs; the clerk told him that he considered the plaintiffs good for the costs, but that he, Doughty, should get some surety on the bond in order to have it in form, and he should consider the bond filed as of the date of issuing the summons; afterward, and sometime between the fifth and fifteenth of November,

1884, J. W. Miller signed the bond as the sole surety therein, and the same was then presented to the clerk and the filing and approval indorsements made by the clerk as of Oct. 27, 1884; no other security for costs has been given than as above mentioned; said J. W. Miller is and was at the several times above mentioned a practicing attorney, resident in Larned, Pawnee county, Kansas; as a fact, the plaintiffs are financially able to pay the costs specified in the bond.

"6. The authenticating seal on the summons in this action is entitled 'Clerk of District Court.—Seal.—Pawnee Co., Kansas,' and it does not appear in the summons that no seal of this court has been furnished by the secretary of state to the clerk, but the court finds that no seal has been so furnished."

From the foregoing findings of fact, the court found as a conclusion of law that the service of summons in this case is void. The court sustained the defendants' motion to set aside the summons and the service thereof, and dismissed the plaintiffs' action. The plaintiffs bring the case to this court for review.

*Freeland & Doughty*, for plaintiffs in error.

*Lucien Baker*, and *William C. Hook*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The only thing necessary to be done in this case is to affirm the judgment of the court below. No comment is really necessary. The plaintiffs, by fraud and deceit, inveigled one of the defendants, John Wilson, into the jurisdiction of the district court of Pawnee county, for the purpose of obtaining service of summons upon him in an action intended to be brought against him and his partner, in that county. Such an abuse of judicial process cannot be tolerated in any court of justice. (*Dunlap v. Cody*, 31 Iowa, 260; same case, 7 Am. Rep. 129; *Townsend v. Smith*, 47 Wis. 623; same case, 32 Am. Rep. 793; *Steel v. Bates*, 2 Aikens, 338; same case, 16 Am. Dec. 720; *Wood v. Wood*, 78 Ky. 624; *Williams v. Reed*, 29 N. J. 385; *Wanzer v. Bright*, 52 Ill. 35; *Allen v. Miller*, 11 Ohio St. 374; *Hevener v. Heist*, 9 Phila. 274; *Metcalf v. Clark*, 41 Barb. 45; *Goupil v. Simonson*, 3

Abb. Pr. 474; *Baker v. Wales,* 14 id. 331.) The decision of the court below we think is undoubtedly correct, both as to the law and the evidence. The decision was rendered upon a motion made by the defendants to set aside the summons and the service thereof. The motion was heard upon affidavits and oral evidence. The appearance of the defendants was only special, and for the purpose of the motion only. No material error was committed by the court below. The testimony of the plaintiffs' counsel, introduced by the defendants, was properly received. It was virtually a cross-examination of the counsel with reference to matters set forth in their affidavits previously and voluntarily filed by them and their clients in the case. Besides, no proper objection was made to this testimony. The only objection that was made with reference thereto was made before the counsel were sworn, and not afterward. Also, the most of this testimony was not with reference to confidential communications made between the counsel and their clients. The evidence rejected was not offered until long after the hearing was had; and it was then offered in the absence of defendants and their counsel, and without notice to them. It was also incompetent. As the service of summons upon Wilson, in Pawnee county, was obtained wrongfully and fraudulently and must be set aside, so also must the service of summons upon Fairchild, in Leavenworth county, be set aside. (*Brenner v. Egly,* 23 Kas. 123.)

The judgment of the court below will be affirmed.

All the Justices concurring.