EDWARD LINNEY v. A. A. THOMPSON *et al.*

NOTE—*Indorsement and Transfer—Action—Question for Jury—Practice.* In an action upon a promissory note against the makers and the payee, who is also an indorser, and against M., a subsequent holder and indorser, in which action the plaintiff sets forth in his petition, among other things, that he is the owner, holder and the indorsee from M. of the promissory note, and he commences his action in the county in which M. resides, and gets service of summons upon him in that county, and upon the other defendants in other counties in which they reside, and the other defendants claim that the plaintiff in the action is not the owner of the note, but that M. is, and that the note was indorsed by M. to the plaintiff merely for the purpose that the plaintiff might commence the action in the county in which M. resides, *held*, that the question as to whether

the plaintiff is the owner of the note or not can be raised only by an answer, and not by a motion, and that any one of the parties has the right to have such question tried by a jury.

*Error from Cloud District Court.*

THE facts appear in the opinion. At the October term, 1887, judgment for costs against plaintiff *Linney*, who comes here.

*Kennett & Peck*, for plaintiff in error.

*A. H. Ellis, E. S. Ellis*, and *F. T. Burnham*, for defendants in error, except McDonald and Culp.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Cloud county by Edward Linney, as the owner, holder and indorsee of a promissory note for $1,250 against A. A. Thompson and eighteen others as the makers, and C. W. Culp as the payee and indorser, and C. W. McDonald as a prior holder and indorser. Service of summons was obtained upon McDonald in Cloud county, and upon the other defendants in Mitchell and Jewell counties. The defendant Culp demurred to the plaintiff's petition upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled; and then he filed an answer. The other defendants, except McDonald, filed a motion to set aside the summons and the service of the same upon them, and to dismiss the plaintiff's action, for the following reasons:

"1. None of these defendants, nor any of the real defendants in this action, reside in the county of Cloud, nor were any of these defendants summoned in this action in said county of Cloud.

"2. The alleged note sued on in this action is the property and is owned by the defendant C. W. McDonald, and the plaintiff in this action has no right, title or interest therein.

"3. The defendant C. W. McDonald is not a real party to this action; is not liable to the plaintiff upon the pretended

indorsement of the note sued on; and said defendant C. W. Culp does not reside in the county of Cloud, and was not summoned in this action within said county.

"4. This action is not prosecuted in the name of the real plaintiff, party in interest, but is only prosecuted in the name of the plaintiff, in furtherance of a conspiracy between plaintiff and the defendant C. W. McDonald, whereby it is agreed between said parties that the defendant McDonald should, without consideration, deliver the note sued on in this action to the plaintiff, and that plaintiff should bring this action in Cloud county against the said McDonald, said Culp, and these defendants, solely for the purpose of enabling said McDonald to, in effect, bring suit in this action against these defendants, who neither reside nor can be summoned in Cloud county."

The plaintiff then moved to dismiss the above motion, and for judgment upon his petition as upon default, all the defendants except Culp, being in fact in default for want of an answer. The plaintiff's motion was overruled and the defendants' motion was then heard over the objections and exceptions of the plaintiff, he all the time claiming that the defendants had made a general appearance in the action, Culp actually and the other defendants by their motion, and that the questions sought to be raised by the motion could not be tried in any manner except upon a trial upon the merits of the action. The motion was to be heard, and we suppose was heard, upon affidavits and other evidence, and was sustained by the court, and the plaintiff's action as to these defendants was dismissed, and judgment was then rendered against him and in their favor for costs. The plaintiff then moved to set aside and vacate the aforesaid order, decision and judgment, for various reasons, which motion the court overruled; and the plaintiff then, as plaintiff in error, brought the case to this court for review.

It would seem that the main and principal question presented in the court below was whether the plaintiff, Linney, was the real owner and holder of the promissory note sued on. If he was not, then of course he could not maintain the action in Cloud county, nor in any other county; but if he was such owner and holder, then he had the right to main-

tain his action just as he brought it, in the county in which he brought it, and upon the service of summons which was actually made in the case. The defendants claim that Linney was not the owner of the note, and that McDonald was, and that they conspired together to bring the action just as it was brought, for the purpose that it might be litigated in Cloud county; and they further claim that this was *an abuse of judicial process* authorizing the decision of the court below; and they cite such cases as *Van Horn v. Manufacturing Co.*, 37 Kas. 523, as authority. On the other hand, the plaintiff claims that the question as to whether he was the owner of the note or not was one going to the merits of the action; that it could not be determined except at *a trial* upon the merits and upon such *evidence* only as might properly be introduced upon a trial of the case upon its merits, and could be determined only by a *jury* unless both parties should choose to waive a jury; and he cites among others the case of *Drea v. Carrington*, 32 Ohio St. 595, as authority therefor. Several Kansas cases are also cited by the parties, as follows: *Hendrix v. Fuller*, 7 Kas. 331; *Brenner v. Egly*, 23 id. 123; *Rullman v. Hulse*, 32 id. 598; same case, on rehearing, 33 id. 670; *Van Horn v. Manufacturing Co.*, 37 id. 523. We do not think that any one of the Kansas cases is precisely in point. In none of the Kansas cases, except the Brenner case, was the question to be heard and decided a vital question involved in the merits of the case as in the present case, and the Brenner case was tried upon its merits. In the *Van Horn* case the question was whether one of the defendants had been by fraud and deceit inveigled into a jurisdiction other than the one in which he resided, for the purpose of suing him in the foreign jurisdiction. In the *Rullman* case the question was whether an attachment should be dissolved or not. See particularly this case on rehearing. In the case of *Hendrix v. Fuller*, all the defendants were non-residents of the county where the action was brought, but service of summons was accepted by counsel for one of the defendants before the other defendant was served with summons; while in the present

case the voluntary appearance of Culp was not made and his demurrer and answer were not filed until after the service of the summons upon the other defendants was made. We think however that the case of *Drea v. Carrington*, 32 Ohio St. 595, is applicable to this case, and we are inclined to follow it. That case was decided under statutes almost precisely identical with the statutes of this state applicable in such cases. Section 55, article 5, and § 60, article 6 of the civil code, read as follows:

"SEC. 55. Every other action must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned.

"SEC. 60. Where the action is rightly brought in any county according to the provisions of article 5, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

In order that the district court of Cloud county should obtain jurisdiction by summons over the parties residing in Jewell and Mitchell counties, it was necessary, under the foregoing sections of the statutes, that the present case should have been "rightly brought" in Cloud county as against McDonald; and whether it was "rightly brought" in that county or not as against any one of the defendants, depended solely upon the question whether Linney was the owner of the note sued on, or not. If he was the owner of the note, then the suit was rightly brought in Cloud county; but if he was not the owner of the note, then he could not have rightly brought an action on the note in any county. Under the allegations of the plaintiff's petition, he was the owner of the note; therefore the question whether the action was rightly brought in Cloud county, or not, depended solely upon the truth of the allegations of the plaintiff's petition; and in all such cases the supreme court of Ohio decides that the question must be raised by an answer, and not by a motion; and if the action is one for the recovery of money only, as this action is, then either party has a right to have the question tried by a jury. (Civil Code, § 266.) The question whether the plaintiff was the

owner of the note sued on, or not, is not only a question which should not be heard upon a motion merely, upon the hearing of which affidavits may be used, but it could hardly be heard and determined upon a pure plea in abatement. A decision sustaining a plea in abatement usually does nothing more than to abate the action, leaving all the questions involved in the merits of the action open to be subsequently litigated and determined in some other form, or at some other time, or in some other court or jurisdiction. But a decision of the present question in favor of the defendants would be a determination against the plaintiff upon the merits of his action. It would be a determination that he had no cause of action to be litigated or enforced against any person, at any time, in any form, or in any court or jurisdiction. It would be a decision that the allegations of his petition setting forth his cause of action were not true. And if the allegations of his petition setting forth his cause of action were not true, he could not go to Jewell county, or to Mitchell county, or anywhere else, and maintain an action upon the note against the defendant or against anyone else.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.