WILLIAM WELLS v. ROBERT PATTON.

1. SUMMONS, *Issuing from One County to Another.* Before a summons
can be rightfully issued from one county to another, the person
served with the summons in the county in which the action is
brought must have a real and substantial interest in the subject
of the action, adverse to the plaintiff, and against whom some sub-
stantial relief may be obtained; and the action must be rightfully
brought in the county in which it is brought, and as against the
person served with summons in such county.

2. ——— *Wrongful Service.* "No lawful thing founded upon a wrong-
ful act can be supported;" hence the service of a summons cannot
be obtained by the wrongful act of a plaintiff.

3. LEGAL PROCESS, *Abuse of.* Where a defendant to a civil action pend-
ing in a county other than that of his residence is served with a
summons in such a way as to be an abuse of legal process, and the
fraud being shown in time, the court will, upon proper proceedings,
set aside the service.

4. JURISDICTION, *Denial of — Waiver.* A party who denies the jurisdic-
tion of a trial court over his person must present that question at
as early a stage in the proceedings as is possible. If he cannot
properly present the question of jurisdiction of the court by motion
or plea in abatement, he may do so by answer. If he unites a de-
fense to the merits in his answer with his plea to the jurisdiction,
the trial court ought to settle the question of jurisdiction before
proceeding to try the other issues in the case; but if the defendant,
objecting to the jurisdiction of the court, proceeds and tries the
whole case upon its merits, and invokes a judgment of the court
upon the merits, he submits himself and his rights to the jurisdic-
tion of the court, and can be no longer heard to say that it had no
jurisdiction.

*Error from Brown District Court.*

ACTION by *Patton* against *Wells* and another. Plaintiff had
judgment against defendant, who comes here. The opinion
states the facts.

*W. D. Webb,* and *Grant W. Harrington,* for plaintiff in er-
ror:

Where defendant in a civil action has been induced by
plaintiff's fraudulent representations to come within the ju-

risdiction of the court, the summons then served upon him will be set aside, and it seems that in such a case the action should be dismissed, even after defendant has made a voluntary general appearance therein. *Townsend v. Smith*, 3 N. W. Rep. (Wis.) 439. In this case, the defendant, Wells, was not inveigled into the jurisdiction of the court by "artifice and falsehood alone," but by the fraudulent and unlawful use and abuse of the process of the court.

See *Chubbuck v. Cleveland*, 35 N. W. Rep. (Minn.) 362; *Brenner v. Egly*, 23 Kas. 123; *Jacobson v. Hosmer*, 42 N. W. Rep. (Mich.) 1110; *Andrews v. Lembeck*, 18 N. E. Rep. (Ohio) 484; *Van Horn v. Manufacturing Co.*, 37 Kas. 523; *Rullman v. Hulse*, 33 id. 679.

*Jas. Falloon*, for defendant in error:

We think that the plaintiff in error made a voluntary appearance in this cause, and thereby submitted to the jurisdiction of the court, and, without any objections, entered into a trial on the merits, and, now that a decision is rendered adverse to him, he cannot be heard to say that the court had no jurisdiction. *Packing Co. v. Casing Co.*, 34 Kas. 345; *Burdette v. Corgan*, 26 id. 104; *Greenwell v. Greenwell*, 26 id. 530; *Bury v. Conklin*, 23 id. 460; *Meixell v. Kirkpatrick*, 29 id. 679; *Life Association v. Lemke*, 40 id. 142; *Forest Co. v. Chambers*, 23 Atl. Rep. (Md.) 1024; *Anderson v. Burchett*, 48 Kas. 781; *Buckland v. Strickler*, 49 N. W. Rep. (Neb.) 371; *Dean v. Garlack*, 34 Ill. App. 233; *Leake v. Gallowley*, 52 N. W. Rep. (Neb.) 824; *Sweeney v. Shultes*, 6 Pac. Rep. (Nev.) 44; *Fire Ins. Co. v. Deck*, 43 N. W. Rep. (Wis.) 500.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below brought by Robert Patton against William Wells and Robert Morrison to recover $3,300 for an alleged conspiracy by which Patton was cheated and defrauded. On the 12th day of February, 1889, the petition was filed in the district court of Brown county. On the same day, a summons was issued

and served on Morrison, in Brown county; the defendant Wells not being found. On the 20th day of February, 1889, another summons was issued out of the Brown county court, and served on Wells in Norton county, this state, on the 23d day of February. On the 2d day of March, 1889, another summons was issued out of the Brown county court, and served on Wells in that county, and these were the summonses issued in the action. There was an amended petition filed on the 26th day of March, 1889. Wells filed his answer, which was the only appearance made by him up to that time. In this answer he set up as a first defense that he was wrongfully and illegally brought into court; that the court had no jurisdiction of the action or his person, because he was a resident of Norton county, and was not a resident of Brown county, and had not been in the latter county for more than a month next preceding the commencement of the action, and that he did not come into Brown county for about two weeks after the action was commenced, and then only for the purpose of consulting with his attorneys about the action; and while in consultation with them he was served with process in Brown county. He set up that Morrison had no interest in the transactions referred to in the petition; that he was made a party to the action for the purpose of giving the district court of Brown county color of jurisdiction, and that the service of the summons in Norton county was for the purpose of inveigling him into the jurisdiction of the Brown county district court. His second defense was a denial of the allegations of the petition and an answer upon the merits. Morrison filed a general denial. The case came on for trial May 9, 1889, and the jury found a verdict for the plaintiff of $1,475, against Wells, but found a verdict for Morrison, the resident defendant.

In the special questions answered by the jury, they found that Morrison made no false or fraudulent representations to the plaintiff in regard to the value of the land taken by Patton, or of the Bowling notes, or of the land mortgaged to secure them; that at the time Wells was served with process

in Brown county he was in consultation with W. D. Webb, his attorney, in regard to this action; that at the time he was served with summons, both in Norton and Brown counties, he resided in Norton county, in this state; that when Wells was served with summons in Brown county he had come from Norton county to Brown to prepare to defend this action, in pursuance of the summons served on him in Norton county, and that he came for no other purpose. On the 15th day of May, 1889, after the trial, Wells filed his motion to dismiss the case as to him —

"On the ground that, as a verdict has been rendered against Patton and in favor of Morrison, the court had no jurisdiction to render judgment, against him, the service of summons being illegal and void, because it was illegally obtained, the service being first made on Morrison, in Brown county, and then on him, Wells, in Norton county, this state, and upon such service he came into Brown county to prepare his defense, and for no other purpose; and while engaged in the preparation of his defense, and while in consultation with his attorney, he was wrongfully and illegally served with process a second time in this case."

On the same day Wells filed his motion for judgment on the pleadings, evidence, and special findings of fact, for substantially the same reasons. These motions came on to be heard on the 28th day of May, 1889, and were overruled, Wells excepting.

We may assume for the purposes of this case that the service of summons in Brown county upon Wells was fraudulent and an abuse of judicial process. ( *Van Horn Bros. v. Great Western Mfg. Co.*, 37 Kas. 523 ; *Townsend v. Smith*, 3 N. W. Rep. [ Wis.] 439; *Chubbuck v. Cleveland*, 35 N. W. Rep. [ Minn.] 362; *Jacobson v. Hosmer*, 42 N. W. Rep. [ Mich.] 1110; *Andrews v. Lembeck*, 18 N. E. Rep. [ Ohio] 484.) In the latter case it was said:

"That suitors should feel free and safe at all times to attend, within any jurisdiction outside of their own, upon judicial proceedings in which they are concerned, and which requires their presence, without incurring the liability of being picked up and held to answer to some adverse judicial

proceedings against them, is so far a rule of public policy that it has received almost universal recognition where the common law is known and administered."

The serious question in this case is, whether Wells, having answered to the merits, can be heard to say that the trial court had no jurisdiction of his person. Undoubtedly Patton had the right to a jury trial to settle the facts pleaded in the first defense set up in his answer. (*Drea v. Carrington,* 32 Ohio St. 595.) Under the circumstances of the case, this was the only way that a decision could be had upon the question whether the court in Brown county had jurisdiction over Wells. If Wells had stopped with his plea to the jurisdiction of the court, upon the findings of the jury no judgment could have been rendered against him.

"Before a summons can be rightfully issued from one county to another, the person served with the summons in the county in which the action is brought must have a real and substantial interest in the subject of the action, adverse to the plaintiff, and against whom some substantial relief may be obtained; and the action must be rightfully brought in the county in which it is brought, and as against the person served with summons in such county." (*Brenner v. Egly,* 23 Kas. 123; *Linney v. Thompson,* 44 id. 765; *Rullman v. Hulse,* 32 id. 598; 33 id. 670.)

1. Summons, issuing from one county to another.

Perhaps a defense to the merits may be united with a plea to the jurisdiction, but if this is done, the trial court ought to settle the question of jurisdiction before proceeding to try the other issues in the case. If Wells had asked that to be done in this case, then we think we might say that he did not waive anything by answering even to the merits. But this was not done by him. In the case of *Christian v. Williams,* 35 Mo. App. 297, the answer contained a plea to the jurisdiction of the court and also to the merits, but the question of jurisdiction was disposed of before proceeding to trial on the merits. The court in that case held such practice to be a good one. Such practice might be well adopted in this state. Of course, if the question of jurisdiction can be raised by motion or plea in

4. Jurisdiction, denial of—waiver.

abatement, that should be done. But if a fraudulent use of the process of the court, and its abuse can only be ascertained upon an answer fully setting forth the facts, the court would have ample power to settle the question of jurisdiction upon a trial before a jury, prior to the proceeding to try the other issues of the case. It was said in *Meixell v. Kirkpatrick*, 29 Kas. 683:

"A party who denies the jurisdiction of the court over his person must first present this single question. He may not mingle with his plea to the jurisdiction other pleas which concede jurisdiction, and thereafter insist that there was error in overruling his plea to the jurisdiction. As heretofore stated, the defendant, by his demurrer, raised a number of questions other than those which were jurisdictional, and invoked the judgment of the court thereon. By such other pleas he submitted himself and his rights to the jurisdiction of the court, and can no longer be heard to say that it had no jurisdiction." See, also, the cases there cited.

If the jury in this case, upon the trial on the merits, had rendered a verdict for Wells, he would have been entitled to judgment, and Patton could not have raised the question of jurisdiction and thereby dismissed the case. Wells not only filed his plea to the merits, but, without any objection, entered upon a trial involving all the merits of the case. He offered evidence tending to sustain his answer upon the merits; he asked the trial court to instruct the jury on the merits; he submitted to the court various questions involving the merits; he also filed his motion to set aside the verdict and grant a new trial, for reasons pertaining solely to the merits of the case. (See *Life Association v. Lemke*, 40 Kas. 142; *Burdette v. Corgan*, 26 id. 104; *Packing and Provision Co. v. Casing Co.*, 34 id. 354.)

Of course, a trial court, in the exercise of a wise judicial discretion, will go very far to set aside any service obtained 3. Legal process, by gross abuse of judicial process. But a defendant who asks this to be done should not insist upon the court taking jurisdiction of his person for the purpose of protecting him upon the merits of the case, and,

after causing costs to be had in the case upon the merits, then seek to repudiate his submission to the jurisdiction of the court. Inconsistent proceedings are not to be favorably construed. The following cases are referred to as tending to support the theory that Wells did not waive anything by his plea to the jurisdiction and his answer on the merits: *Brenner v. Egly*, 23 Kas. 123; *Townsend v. Smith*, 3 N. W. Rep. (Wis.) 439; *Chubbuck v. Cleveland*, 35 N. W. Rep. (Minn.) 362; *Allen v. Miller*, 11 Ohio St. 374; *Drea v. Carrington*, 32 id. 595; *Linney v. Thompson*, 44 Kas. 765. In *Brenner v. Egly*, the question of a voluntary appearance was not raised, discussed, or decided. In *Townsend v. Smith*, the fraudulent service was set aside, when the attorneys for the defendant appeared for the purposes of the motion only. In *Chubbuck v. Cleveland*, the defendant filed his answer as a plea in abatement, on the ground that the jurisdiction of the court had been procured by fraud. There was no answer on the merits. In *Allen v. Miller*, although the answer contained a plea to the jurisdiction, and also pleas on the merits, the defendant, wrongfully served, moved the court for dismissal before any trial. His motion was sustained. In *Drea v. Carrington*, the answer of the defendant contained a plea to the jurisdiction of the court only, not one on the merits. He then filed a motion to dismiss, and the court held that the motion could not be sustained, because the plaintiff was entitled to have a jury determine the question of fact raised by the answer. In *Linney v. Thompson*, 44 Kas. 765, the decision determined that "the plaintiff had no cause of action to be litigated or enforced against any person, at any time, in any form, or in any court or jurisdiction."

Errors are alleged as occurring upon the trial. These concern the admission, the rejection of evidence, and the giving of instructions. We have examined these various errors referred to as well as we could in view of the brief references to many of them. We do not think any material error was committed thereby; none at least sufficient to cause a reversal of the judgment. It is finally insisted that there was

no evidence upon which to render a verdict against Wells. We think otherwise.

The judgment of the district court will be affirmed.

All the Justices concurring.