WILLIAM HEMBROW, *Appellant,* v. W. M. WINSOR et al. (W. M. WINSOR, *Appellee*).

No. 17,768.

SYLLABUS BY THE COURT.

JURISDICTION—*Defendants—Nonresident of State—Nonresident of County.* An action may be rightly brought against nonresident defendants in a county where they have property, and in such an action where a resident of the state has been rightly joined as a defendant, and service upon the nonresident defendants has been obtained by publication, or where they have entered an appearance in the action, a summons may lawfully issue to another county for the resident defendant.

Appeal from Sumner district court. Opinion filed July 6, 1912. Reversed.

*F. A. Dinsmoor,* of Caldwell, for the appellant.

*C. M. Clark,* of Peabody, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Appellant sued to recover a commission for the sale of a tract of land in Sumner county, of which the appellee and four other defendants were joint owners. The appellee, W. M. Winsor, is a resident of Marion county, Kansas. The other defendants were residents of Illinois and nonresidents of Kansas. At the commencement of the action appellant filed his affidavit in attachment and caused a writ to be levied upon the undivided four-fifths interest of the nonresidents in the land and obtained service upon the nonresident defendants by publication. At the same time he caused a summons to be issued for W. M. Winsor, the appellee, directed to the sheriff of Marion county, which was duly served and returned. The appellee entered a special appearance and moved to quash the summons on the ground that the court lacked jurisdiction because the action was not rightly brought

in Sumner county. The court sustained the motion to quash. Thereafter and at the same term the nonresident defendants entered their voluntary appearance and proceeded to defend the action. The appellant then caused an alias summons for W. M. Winsor to be issued, directed to the sheriff of Marion county, which was duly returned showing service. A motion to quash the alias summons was sustained, which is the ruling appealed from.

The sole question is whether the action was rightly commenced in Sumner county. If it was, the court erred in sustaining the motion to quash. The code provision is:

"Where the action is rightly brought in any county, according to the provisions of article 5, a summons shall be issued to any other county against any one or more of the defendants, on the plaintiff's præcipe." (Civ. Code, § 61.)

This section has been construed and held to mean that where one defendant acknowledges service the action is rightly brought in that county and a summons may issue to another county for the other defendant. (*Hendrix v. Fuller,* 7 Kan. 331.) And in *Reynolds v. Williamson,* 68 Kan. 239, 74 Pac. 1122, it was held that an action against a nonresident may be brought in any county where he has property, and a summons may issue to another county. In that case the summons was for the nonresident defendant, who at the time the action was commenced was personally present in the other county. If it could rightly issue to another county to be served upon a nonresident it could issue for the purpose of being served upon a resident of the state. By their voluntary appearance the court acquired jurisdiction of the nonresident defendants, and from that moment, at least, the cause was rightly brought in Sumner county. The acceptance or acknowledgment of service or the voluntary appearance of a defendant is equivalent to service. (Civ. Code, § 68.) Moreover, un-

der the provisions of section 53 of the civil code it was rightly brought as to the nonresident defendants without their appearance, for the reason that they had property in Sumner county. Where the action is rightly brought in one county and the defendant who has property there or may be summoned there has been rightly joined as defendant, that is, where there has been no collusion or abuse of process, a summons may issue for another defendant to any county where he resides or may be summoned. The action must be rightly brought and the persons sued must be rightly joined as defendants. These are essential requirements. (*Marshall v. Land Co.*, 75 Kan. 445, 447, 448, 89 Pac. 905, and authorities cited in opinion.) The action having been rightly brought in Sumner county, either summons was good and neither should have been quashed.

The judgment is reversed and the cause remanded for further proceedings.