# SUPREME COURT,
## STATE OF KANSAS.

## JANUARY TERM, 1915.

### PRESENT:

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH,*
Hon. SILAS W. PORTER,
Hon. ALFRED W. BENSON,* } Justices.
Hon. JUDSON S. WEST,
Hon. JOHN MARSHALL,†
Hon. JOHN S. DAWSON,†

No. 19,162.

WILLIAM HEMBROW, *Appellant,* v. W. M. WINSOR et al., *Appellees.*

### SYLLABUS BY THE COURT.

JURISDICTION—*Defendants—Nonresident of the State and Non-resident of County—Failure of Action Against Nonresident of State—No Jurisdiction Over Nonresident of County.* An action was brought in one county against certain nonresidents of the state, and jurisdiction over their property obtained by attachment. A resident of another county was joined as a defendant, and he was served by summons issued to the sheriff of the county where he resided. He answered, challenging the jurisdiction of the court and alleging that the pretended cause of action against the nonresident defendants was not brought in good faith, but for the purpose of obtaining jurisdiction over him. On the trial a demurrer was sustained on the part of the nonresident defendants. *Held,* that as there was no evidence to sustain a cause of action against the nonresident defendants, and the action

* Term expired January 11, 1915.
† Term began January 11, 1915.

1—94 KAN.

having failed as to them, the court had no jurisdiction over the defendant who resided in the other county, and that a motion to dismiss the action as to him was rightly sustained.

Appeal from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed January 9, 1915. Affirmed.

F. A. Dinsmoor, of Caldwell, W. T. McBride, and F. T. Thorn, both of Wellington, for the appellant.

C. M. Clark, of Peabody, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The appellant brought this action in the district court of Sumner county against certain nonresidents of the state, and joined as defendant W. M. Winsor, the appellee, who is a resident of Marion county. Jurisdiction over the property in Sumner county belonging to the nonresident defendants was obtained by attachment, and they afterwards entered their appearance in the action. The appellee was served by a summons issued to the sheriff of Marion county. The action was to recover a commission for procuring a purchaser of real estate pursuant to a written agreement executed by Winsor, the appellee.

As against the Illinois defendants the petition alleged that in making the contract for the sale of the real estate and in the employment of the appellant to procure a purchaser, Winsor acted for himself, and also as agent and representative of the other defendants, and that they were jointly liable with him for the commission which the appellant claimed he had earned in procuring a purchaser.

The nonresidents answered by a verified denial of the agency of W. M. Winsor, or his authority to act for them. Winsor challenged the jurisdiction of the court by motion to quash the summons. The challenge was sustained, and on appeal the judgment was reversed and the cause remanded for further proceedings.

(*Hembrow v. Winsor*, 87 Kan. 714, 125 Pac. 22.) It was there held that on the face of the pleadings W. M. Winsor was rightfully joined as a defendant. Winsor filed another answer challenging the jurisdiction of the court and alleging that the pretended cause of action against the nonresident defendants was not brought in good faith, but for the purpose of obtaining jurisdiction over him in Sumner county. He admitted the execution of the contract as his personal obligation and denied all other allegations of the petition. The relief asked for was that the action be dismissed as to him for want of jurisdiction.

On the trial at the close of plaintiff's evidence a demurrer was sustained on the part of the nonresident defendants, and the action was left pending solely against Winsor, a resident of Marion county. He thereupon filed a motion to have the cause dismissed for the reason that, the action having failed as to the nonresident defendants, the court had no jurisdiction over him. The court sustained the motion and rendered judgment against the appellant for costs.

It is clear that the ruling of the court dismissing as to the appellee must be sustained. · The appellant cites and relies upon the case of *Edwards v. Gildemeister*, 61 Kan. 141, 59 Pac. 259, where it was held that:

"A contract executed by an authorized agent in his own name, but in fact in behalf of his principal, is the contract of the principal, and suit may be brought against him to enforce ·its provisions." (Syl. ¶ 2.)

. The doctrine of that case has no application here because the appellant failed to produce any evidence showing that the contract sued upon was in fact made in behalf of the Illinois defendants as principals. No evidence was offered which tended to show that Winsor was authorized by the nonresident defendants to employ any real-estate agent to assist him in procuring a purchaser for the land, or that they were to become liable for the payment of a commission to any person.

The land is situated in Sumner county. It belonged to Winsor and the Illinois defendants as cotenants. They entered into an agreement with Winsor that he might sell the land at a net price of $12,000 and that they would convey their interest to him so that he could convey title to the purchaser. He employed the appellant by the written contract sued upon to assist him in a sale of the land. The appellant claimed that he procured a purchaser able and willing to take the land at the price agreed upon in the contract between himself and Winsor, but that Winsor refused to complete the sale. Many of the authorities which appellant relies upon are cases in which a contract was entered into by the agent of an undisclosed principal. The appellant claimed that Winsor in making the contract acted for himself personally and as agent and representative of the other defendants, and that at the time the contract was entered into he exhibited to the appellant certain letters written by the other defendants authorizing him to sell or have the land sold upon certain terms. It thus appears that if there was an agency it was not undisclosed, but that plaintiff accepted the written agreement of the agent knowing that he represented the other defendants. The contract sued upon does not pretend to bind any one except Winsor, and if it were conceded that appellant's proof sustained his claim, it falls within the rule that one who takes an agent's obligation for work performed, with knowledge of the principal's liability therefor, must look to the agent alone. (*Paige v. Stone and another,* 51 Mass. 160, 43 Am. Dec. 420; *Merrell v. Witherby,* 120 Ala. 418, 26 South. 974, 74 Am. St. Rep. 39.)

(See, also, 31 Cyc. 1570, and cases cited.)

The case of *Renwick v. Bancroft,* 56 Iowa, 527, 9 N. W. 367, is not in point. It was there held that an agent having authority to sell land, exercising his discretion as to price, may employ a real-estate agent to find a purchaser and a sale by him will be enforced.

It was not an action to recover for the commission paid to the subagent, but was an action for specific performance of the contract of sale made through the subagent. The court did not hold that the agent may bind his principal for compensation of a subagent.

It is true, there was evidence that one or more of the nonresident defendants had written Winsor to sell, and the evidence tended to show that the other Illinois defendants consented to his selling the land; but there was no evidence that any of them authorized him to employ a subagent. The fact that they conveyed their interests to him in order that he might convey the title to a purchaser can not be held as a ratification of his employment of a subagent so as to bind them to pay the compensation of the subagent.

In the former decision (*Hembrow v. Winsor*, 87 Kan. 714, 125 Pac. 22), nothing was decided further than that the acceptance of service by the nonresident defendants made the case rightly brought in Sumner county so far as appeared from the pleadings. On the trial it was disclosed that the action was not rightly brought in Sumner county, because of the failure of the evidence to sustain a cause of action against the nonresident defendants, and it left a case standing alone against the appellee, who is a resident of Marion county. It follows that the court in Sumner county had no jurisdiction over his person, and the motion to dismiss was rightly sustained. (*Brenner v. Egly*, 23 Kan. 123; *Rullman v. Hulse*, 32 Kan. 598, 5 Pac. 176, and 33 Kan. 670, 7 Pac. 210; *Linney v. Thompson*, 44 Kan. 765, 25 Pac. 208; *Wells v. Patton*, 50 Kan. 732, 33 Pac. 15.)

The judgment is affirmed.