No. 23,526.

JAMES IAMS et al., as Trustees of THE NORMA OIL & GAS COMPANY, *Appellees*, v. J. E. TEDLOCK et al. (A. F. WILSON, *Appellant*).

SYLLABUS BY THE COURT.

PROCESS — *Nonresident of County — Summons Served While in Attendance Upon a Regular Meeting of Trustees of a Business Organization, Service Good.* In an action by some of the trustees of a business organization against a nonresident trustee thereof, arising out of the business of the organization, service of summons upon the nonresident trustee when he comes into the county to attend a regular meeting of the trustees is not bad, although he attended the meeting in response to a notice from the secretary of the organization that the meeting would be held and although it was the intention of those commencing the action and of the secretary to serve the summons upon the nonresident trustee if he should attend the meeting.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed February 11, 1922. Affirmed.

*H. E. Ganse, Gilbert H. Frith,* and *R. M. Hamer,* all of Emporia, for the appellant.

*James V. Humphrey, Arthur S. Humphrey, L. B. Morris,* and *U. S. Weary,* all of Junction City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: A. F. Wilson appeals from a judgment against him and J. E. Tedlock for $2,000. The only question involved in the appeal is error in overruling the motion of A. F. Wilson to quash the service of summons.

Evidence was introduced on the hearing of the motion, and from that evidence the court made findings of fact and conclusions of law. No better statement of the evidence can be made than that contained in the findings of fact, which were as follows:

"1. That on the 4th day of November, 1919, and for some time prior thereto, James Iams, C. C. Arthur, W. J. Wilson, F. A. Durand, H. A. Ringel, A. F. Wilson and H. E. Tedlock, were trustees of the Norma Oil and Gas Company.

Iams v. Tedlock.

"2. That on and since the fourth day of June, 1919, the headquarters of said Norma Oil and Gas Company has been Junction City, Geary County, Kansas, and where its books and records have been kept and where all of the meetings of the trustees of said company are to be held for the purpose of transacting the business of said company and where all of such meetings and the business of said company has been transacted by said trustees since the 4th day of June, 1919.

"3. The regular meetings of the trustees were fixed for the first Tuesday in each month, it was usual or customary for the secretary to send to each of the trustees a written notice by mail prior to the first Tuesday in each month giving notice of such meeting. Two of the trustees live in Geary County, Kansas, all the rest live in different counties of the state. A. F. Wilson, one of the trustees and' one of the defendants herein, on the 4th day of November, 1919, lived and resided in Morris County, Kansas.

"4. That at the regular meeting of the trustees of the Norma Oil and Gas Company held in Junction City, Kansas, on the 4th day of September, 1919, and at which meeting A. F. Wilson was present as trustee, a question was raised and discussed by which it was claimed that said A. F. Wilson and the defendant, J. E. Tedlock, were indebted to the Norma Oil and Gas Company for money of said company which they had taken and appropriated to their own use.

"5. Prior to the 4th day of November, 1919, certain law suits had been commenced in the District Court of Miami County, Kansas, against the Norma Oil and Gas Company, in which large sums of money were claimed and affecting the property of the company situated in said county.

"6. Prior to the meeting of the trustees on the first Tuesday in November, 1919, the Secretary of the company mailed to each of the trustees, including the defendant, A. F. Wilson, a notice to the effect that there would be no meeting of the trustees on said date but later and in sufficient time to secure a meeting on said date, the secretary sent to all of said trustees, including the defendant, A. F. Wilson, the substance of which is as follows:

"'Regular meeting of Board of Trustees of the Norma Oil and Gas Company, will be held in this city next Tuesday evening. Please come as there are matters of importance to come up for disposition.'

"7. There was a regular meeting of the trustees of the Norma Oil and Gas Company at Junction City, Geary County, Kansas, on the 4th day of November, 1919, and at which meeting, among other trustees, the defendant, A. F. Wilson, was present.

"8. Among the matters intended to be taken up and disposed of at the meeting referred to in No. 7 was to effect a settlement of the claim of Norma Oil and Gas Company against said A. F. Wilson and J. E. Tedlock, referred to in finding No. 4 also the arrangement for the employment of attorneys to represent the company in the litigation against it in Miami County, Kansas.

"9. It was the intention of the attorneys for the Norma Oil and Gas Company in case A. F. Wilson attended the meeting referred to in finding No. 7 and in case some settlement or adjustment was not made of the claim which the Norma Oil and Gas Company claimed to have against him and J. E. Tedlock that they would sue him' and secure the service of a summons upon

him in Geary County, Kansas, while he was in said county for the purpose of attending said meeting.

"10. The suit in question in this case was filed and a service of summons was made upon the defendant, A. F. Wilson, while he was in Geary County, for the purpose of attending the trustees' meeting of the Norma Oil and Gas Company held in Junction City, Geary County, Kansas, on November 4th, 1919, and a summons was thereafter issued and directed to the Sheriff of Miami County, Kansas, for the defendant, J. E. Tedlock, and was there served by said sheriff on the defendant, Tedlock.

"11. The defendant, A. F. Wilson, testified in substance in the hearing of the motion to quash the service of the summons herein, that he would not have attended the meeting of the Board of Trustees in question in this case if he had had knowledge that the suit in question would be brought against him while he was in attendance upon said meeting.

"12. During all of the time involved herein, ever since and now, the defendant, J. E. Tedlock, was and is a *bona fide* resident of Miami County, Kansas, and the service of summons in this action upon him was procured by sending a summons to said county and the service of the same upon the said Tedlock by the Sheriff of Miami County, Kansas.

"13. The minutes of the meeting of the Board of Trustees held on said 4th day of November, 1919, as prepared by C. C. Arthur, Secretary of said Board, read as follows:

"Junction City, Nov. 4th, 1919.

"Regular meeting of the Norma Oil Co., was held at the Central Nat. Bank. Minutes of last meeting read and approved. Roll called. H. E. Tedlock, A. F. Wilson, Arthur, Durand, Iams & Ringel, were present. Bill of American Glycerin Co. for 111.50 was allowed and ordered paid. Letter from Chas. Garey about covering tanks was read. H. E. Tedlock said he would see that the tank was covered. The following resolution was passed. Resolution that Humphrey & Humphrey and L. B. Morris be authorized and directed to commence action at the courts for the recovery from J. E. Tedlock and A. F. Wilson of the sum of $11,950.00 owing by them to the company or its trustees and for any other sums that may be found so owing from them and that all things done by said attorneys pursuant to said end by virtue of informal instructions from the majority of the trustees be and the same are hereby ratified and confirmed. Meeting adjourned.          C. C. Arthur, *Secy.*"

Upon these findings of fact the court made the following conclusion of law:

"That the service of the summonses in this case were not procured by fraud and were legally made."

No false statement was made to Wilson to induce him to go to Junction City. It was the duty of the secretary to notify Wilson of the meeting of the trustees; it would have been an act of bad faith on the part of the secretary not to notify Wilson. As a trustee of the gas company, it was Wilson's duty to attend that

meeting. There was important business to be transacted—the employment of attorneys to defend in pending litigation—and, although that matter was not attended to, the failure to do so did not render the calling of the meeting fraudulent. Wilson knew of the dispute between himself and the plaintiffs; he ought to have known that the dispute might be considered at the meeting and might develop into litigation. It was not an act of fraud on the part of the plaintiffs if, when Wilson attended the regular meeting of the trustees and did not adjust the difference between himself and the plaintiffs, they commenced an action against him and served him with summons.

The line between good and bad service in cases of this character may be hard to define, but it may be safely said that where fraud is practiced the service is bad, and where no fraud is practiced the service is good. What was the fraud practiced on Wilson? He says that he "was purposely enticed and induced to attend a meeting of the trustees of the Norma Oil and Gas Company, called at Junction City, Kansas, the main intent, motive and purpose of which was to secure his presence in that county in order that he might there be served with process, and that this constitutes judicial fraud." The meeting was a regular one. It had been postponed, but it became necessary to hold it. Notices of the meeting must be sent to all of the trustees, including Wilson. The business of the company demanded attention. Wilson was one of those whose duty it was to attend to that business.

For the purpose of showing the extent to which the United States Supreme Court has gone in upholding the service of process, we quote from the notes in 21 R. C. L. 1276, as follows:

"*Jaster v. Currie*, 198 U. S. 144, 25 S. Ct. 614, 49 U. S. (L. ed.) 988, holding that where the defendant came into the jurisdiction of the court for the purpose of being present at the taking of a deposition and was served with process, the service was valid although it was shown that notice of the taking of the deposition was served on him for the express purpose of enticing him within the court's jurisdiction." (Note 6.)

The court in that case said:

"The question is whether the service of a writ, otherwise lawful, becomes unlawful because the hope for a chance to make it was the sole motive for other acts tending to create the chance, which other acts would themselves have been lawful but for that hope." (p. 148.)

Wilson cites a number of cases, among which are: *Van Horn Bros. v. Great Western Mfg. Co.,* 37 Kan. 523, 15 Pac. 562; *Wells v. Patton,* 50 Kan. 732, 33 Pac. 15; *Abercrombie v. Abercrombie,* 64 Kan. 29, 67 Pac. 539; and *Feight v. Wyandt,* 79 Kan. 309, 99 Pac. 611. In each of the cases cited by Wilson positive fraud was practiced, and it can be pointed out. None of them is analogous to the present action.

The judgment is affirmed.