## LOUIS RULLMAN v. ALBERT H. HULSE.

1. ACTION IN WRONG COUNTY; *Attachment Dissolved.* Where two joint makers of a promissory note, residing in different counties, are sued before the note is due, in the county in which one of them resides, but not in the county in which the other resides, and a summons is served upon the defendant residing in the county in which the action is commenced, and a summons and an order of attachment are issued to the other county, and is there served upon the defendant residing in that county, and his property there situated is attached, and no order of attachment is issued and no ground for an attachment exists as against the defendant residing in the county in which the action is commenced, *held,* that the action is not rightfully brought in the county in which it brought, and that the defendant in the other county may for that reason have the attachment dissolved.

2. SUMMONS *from one County to Another.* Before a summons can be rightfully issued from one county to another, the person served with the summons in the county in which the action is brought must have a real and substantial interest in the subject of the action adverse to the plaintiff and against whom some substantial relief may be obtained; and the action must be rightfully brought in the county in which it is brought, and as against the person served with the summons in such county.

*Error from Doniphan District Court.*

ACTION by *Rullman* against *Hulse* and another, on three promissory notes. Defendant *Hulse* made a motion before the district judge, at chambers, to discharge the attachment therein. The plaintiff moved that the defendant make his motion more specific and definite, and also moved for a continuance of the hearing of the defendant's motion. June 28, 1884, the plaintiff's motions were overruled, and the defendant's motion was then heard and the attachment discharged. *Rullman* brings these rulings here for review. The facts are stated in the opinion.

*B. A. Seaver, Franklin Babcock,* and *C. W. Johnson,* for plaintiff in error.

*James Falloon,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On June 3, 1884, Louis Rullman com-
menced an action in the district court of Doniphan county,
Kansas, on three promissory notes, each for $400, each exe-
cuted by Albert H. Hulse and D. D. Rose to John P. Kent,
and each indorsed by Kent to Rullman. One of these notes
was to become due on March 5, 1885; another was to become
due on March 5, 1886; and the other was to become due on
March 5, 1887. Rullman, at the same time, obtained from
the probate judge of Doniphan county an order, under §§ 230
and 231 of the civil code, as amended in 1883, (Laws of
1883, ch. 122, §1,) allowing an order of attachment to be is-
sued against the property of the defendant Hulse, and such
order of attachment was afterward issued by the clerk of the
district court of Doniphan county, to the sheriff of Brown
county. Rose resided in Doniphan county, and was served
with summons in that county; but Hulse resided in Brown
county, and the summons and order of attachment against
him were issued to the sheriff of that county and were served
upon him and his property in that county. On June 28,
1884, Hulse made a motion before the district judge, at cham-
bers, to discharge the attachment, upon the following ground
and statement, to wit:

"Because the said court has no jurisdiction of the said
property; and the issuing of said order of attachment to the
sheriff of said Brown county was unauthorized and void.
The record in the cause, inclusive of all process and the
returns therein or copies thereof, affidavits and oral testimony,
will be introduced at the hearing of this motion."

The plaintiff, Rullman, then made a motion to have the
defendant, Hulse, make his motion more specific and definite;
and also moved for a continuance of the hearing of the
defendant's motion. The plaintiff's motions were overruled,
and the defendant's motion was then heard and the attach-
ment discharged; and of this ruling the plaintiff, Rullman,
complains.

We think the ruling of the district judge is correct. No cause

of action existed in favor of Rullman and against Rose, and. neither did any ground for an order of attachment exist in favor of Rullman and against Rose. The notes sued on were not yet due, and Rose had committed no wrong or fraud as against Rullman, or as against any holder of the notes. There is not even any pretense that there was the slightest ground for an attachment as against Rose. The action was therefore wrongfully commenced as against Rose, in whatever aspect we may view it; and as it was wrongfully commenced against Rose, it could not rightfully have been commenced against Hulse in Doniphan county, for Hulse did not reside in Doniphan county; nor could service or summons have been made upon him in that county. (Civil Code, § 55.) The action was therefore not rightfully commenced in Doniphan county as against either Rose or Hulse; and, not being rightfully commenced in Doniphan county, there could not be any authority for issuing a summons or an order of attachment to any other county. (Civil Code, § 60.) Before a summons can be rightfully issued from one county to another, the person served with the summons in the county in which the action is brought must have a real and substantial interest in the subject of the action, adverse to the plaintiff, and against whom some substantial relief may be obtained; and the action must be rightfully brought in the county in which it is brought, and as against the person served with summons in such county. (*Brenner v. Egly*, 23 Kas. 123; *Dunn v. Hazlett*, 4 Ohio St. 435; *Allen v. Miller*, 11 id. 374.)

It will not do to commence an action against a person against whom it is clear from the plaintiff's own pleadings that no judgment could ever be rendered or relief enforced, merely for the purpose of obtaining service of summons upon some other person who may reside in some other county. But such seems to be the present case. We have carefully examined all the points made by plaintiff's counsel, and think that none of them are tenable. The defendant's motion to discharge the attachment was sufficiently definite, and it was a direct attack upon the attachment, and was not a collateral attack thereon, as plaintiff's counsel seem to contend. It is

true that the dissolution of the attachment may in its consequences require a dismissal of the action; but such a result cannot render the motion to dissolve the attachment a collateral attack upon the attachment. The plaintiff's action has not yet been dismissed, and possibly it may not be; although we imagine the facts to be such that it must be dismissed. We can easily imagine a case, however, where the facts may be such that the dissolution of the attachment will not necessarily require a dismissal of the action. The two things are entirely different, although one may sometimes, or may generally, or even necessarily, follow from the other.

The order of the court below dissolving the attachment will be affirmed.

All the Justices concurring.