A. MARSHALL V. THE SALINE RIVER LAND & MIN-
ERAL COMPANY *et al.*

No. 14,812   (89 Pac. 905.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Joinder of Actions.* A cause of
action against one party on a lease and one on a separate
and distinct writing wherein another party guarantees that
a certain part of the rent under the lease will be paid can-
not be joined in a single action.

2. JURISDICTION—*Service of Summons—Joinder of Parties.* In
such a case the service of summons upon one defendant in
the county where the action is brought does not authorize
the service of a summons upon the other defendant in an-
other county.

3. ——— *Issuance of Process to a Foreign County.* To justify
the issuance of a summons to a foreign county and the serv-
ice of the same upon a defendant residing or found there
the action must be rightly brought and the persons sued
must be rightly joined as defendants.

Error from Ellis district court; JAMES H. REEDER,
judge. Opinion filed April 6, 1907. Reversed.

*Z. C. Millikin,* and *George D. Abel,* for plaintiff in
error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Saline River Land & Mineral
Company leased a tract of land known as the Barnes
ranch to Gilbert Brothers at an annual cash rental
of $2500 for a term of five years, beginning April 1,
1902. On October 1, 1903, Gilbert Brothers entered
into an agreement with Marshall & Toliver, of Lincoln
county, Kansas, allowing them to stock and use the
leased premises for a certain price per head for the
cattle that should be pastured and fed there. The
arrangement was to continue for three years, but it
was stipulated that it might be sooner abandoned by
mutual consent. In this agreement no mention was

made of the Saline River Land & Mineral Company, which owned the ranch, nor of its lease to Gilbert Brothers. Some time later Mr. Toliver, of the firm of Marshall & Toliver, wrote the following letter to the company:

"N. TOPEKA, KAN., October 6, 1903.

"*The Saline River Land & Mineral Company, Rochester, N. Y.:*

"GENTLEMEN—Mr. Gilbert advises me that he has had some correspondence with you in regard to the lease on the 'Barnes ranch, and requests me to give you some information on this line as to the interests that Mr. Marshall and myself have in the matter. A brief statement of the facts is that we have agreed with Mr. Gilbert to stock the ranch for a term of three years (unless sooner dissolved by mutual consent) with not more than 800 head of cattle, and to allow him fifty cents per month for the care and keeping of this ranch and cattle. Mr. Gilbert requests that out of any money due him we shall first pay you the rent due you under the lease, to wit, $2500 per year, beginning October 1, 1903, and an additional sum of $300 per year for the three years, which total sum of $900 he represents is now due you from him. If the payments as above enumerated are satisfactory to you, we will make such payments to you direct, as the same accrue under their lease with you, and pay you the additional sum of $300 per year for the three years as it accrues under our contract with Gilbert Brothers, the first payment accruing on October 1, 1904.

(Signed) JOSEPH I. TOLIVER."

In November, 1904, a little more than a year after Marshall & Toliver entered into the contract with Gilbert Brothers, the company brought an action in Ellis county against Gilbert Brothers, the lessees, and joined Marshall & Toliver with them as defendants, asking for the recovery of unpaid rent to the amount of $2800. The petition contained two causes of action—one against all of the defendants for $2500, and the other against Marshall & Toliver for $300. A summons was issued and served on a member of the firm of Gilbert Brothers in the county in which the

Marshall v. Land Co.

action was brought, and another summons was issued and sent to the sheriff of Lincoln county and there served upon A. Marshall. No other service was made, and the only defendant who appeared in the action was Marshall, who made a special appearance to question the validity of the service upon him. His motion to quash the service was based on the ground that he was not rightly sued in Ellis county, but the motion was denied, and of this ruling complaint is made.

This was an ordinary transitory action brought for the recovery of money. Such an action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned. (Code, § 55; Gen. Stat. 1901, § 4485.) In some cases one or more defendants may be summoned in a county other than that in which the action is begun, but this cannot be done unless the action is rightly brought against such defendants. (Code, § 60; Gen. Stat. 1901, § 4490.) It is not enough that a person be named as one of the defendants in an action, but he must be rightly sued with the other defendants in such action. In other words, the non-resident defendant must be rightly joined with the resident defendant or with the one served in the county in which the action is brought. (*Brenner v. Egly,* 23 Kan. 123; *Rullman v. Hulse,* 32 Kan. 598, 5 Pac. 176; *Rullman v. Hulse,* 33 Kan. 670, 7 Pac. 210; *McConnell v. Hicks,* 64 Kan. 828, 68 Pac. 651.)

In the case of *Stull Bros. v. Powell,* 70 Neb. 152, 97 N. W. 249, it was ruled that "to authorize summons to another county in a merely personal action for money, there must be an actual right to join the resident and non-resident defendants." (Syllabus.) It was held by the supreme court of Kentucky, in *Basye v. Brown, &c.,* 78 Ky. 553, that service of process on one improperly joined as a defendant gives the court no jurisdiction to render judgment against a defendant served in a county other than that in which the action is pending. (See, also, *Dunn v. Hazlett,* 4 Ohio

St. 435; *Penney v. Bryant*, 70 Neb. 127, 96 N. W. 1033; *Ross v. Battle*, 117 Ga. 877, 45 S. E. 252.)

In this case the Gilberts, who were duly served in Ellis county, were liable to the company under a written lease. Marshall & Toliver were not parties to that contract, but, if liable at all to the company, it was upon the written guaranty signed by Toliver agreeing to pay certain obligations of Gilbert Brothers to the company. Gilbert Brothers were not liable on the Toliver agreement, and Marshall & Toliver, not being parties to the lease, were not liable upon that instrument. The two firms were not jointly liable on either of the instruments set up in the petition, and it follows that they were not properly joined as defendants. A guarantor whose liability arises on the same instrument may be joined with the maker or principal, but where each is bound by a separate and several contract they cannot be united as defendants. (Code, § 39; Gen. Stat. 1901, § 4467.)

In the case of *Lindh v. Crowley*, 26 Kan. 47, it was held that a cause of action against several makers of a promissory note could not be joined with a cause of action against another maker of the same note whose obligation had been merged into a judgment.

In *Griffin v. The County of Grundy et al.*, 10 Iowa, 226, a county issued a warrant to a payee who assigned it to another and by a separate writing guaranteed that the warrant would be paid on presentation when it was due. In an action against both it was held that the liability of the county was on the warrant, while the liability of the other party was upon another instrument, namely, the written guaranty, and hence that they could not be sued together.

In *Tourtelott and Another v. Junkin and Others*, 4 Blackf. (Ind.) 484, the supreme court of Indiana had before it a case somewhat like the present one, where one party rented a tract of land from another and agreed to pay the rent at fixed times as it became due. Later, a different party by another contract

Marshall v. Land Co.

obligated himself as surety that the lessee would pay the rent when it was due. The court held that these contracts were entirely separate and distinct, and that as the surety was not a party to the lease he could not be sued with the lessee.

The general theory of the code is that in transitory actions a party is entitled to be sued in the county where he resides or may be served, unless he is jointly liable with a codefendant who is properly served in the county where the action is brought. But a plaintiff cannot take him to a different county by making him a mere nominal party or by a misjoinder. The fact that separate and several contracts of defendants relate to the same subject does not warrant joining them in one action and the summoning of one of them in a county other than the one in which the action was brought. In the case of *Stewart v. Rosengren,* 66 Neb. 445, 92 N. W. 586, the supreme court of Nebraska said:

"Causes of action against different persons upon separate and distinct several contracts cannot be joined in one action. The causes of action joined must affect all the parties to the action. Bliss, Code Plead. § 117. The mere fact that two distinct and several contracts with two different persons are for the performance of the same service will not bring the causes of action based thereon within this rule. Each is liable upon his own several contract, and bound by its terms, without regard to the other." (Page 448. See, also, *Phalen v. Dingee,* 4 E. D. Smith [N. Y.] 379; *Addicken v. Schrubbe,* 45 Iowa, 315.)

We think error was committed in denying the motion to quash the service of the summons on Marshall, and for that reason the judgment against Marshall is reversed and the cause remanded for further proceedings.