### GRADY v. RICE et al.

No. 11475—Opinion Filed Nov. 27, 1923.

Rehearing Denied March 25, 1924.

1. **Process—Issuance to Foreign County—Jurisdiction.**

Before a summons can be rightly issued from one county to another, the person served with the summons in the county in which the action is brought must have a real and substantial interest in the subject of the action adverse to the plaintiff, and against whom some substantial result may be obtained; and the action must be rightfully brought in the county in which it is brought, and as against the person served with the summons in such county.

2. **Appeal and Error — Jurisdiction Over Person—Objection—Preserving Error.**

Where a nonresident of the county in which a suit is brought is made a codefendant with a resident of such county, and it is determined on the trial that such resident defendant is not liable to the plaintiff upon the cause of action sued upon, and the nonresident appears specially for the purpose of calling the court's attention to a wrongful issue of and service of summons upon him, and the court overrules his motion as to jurisdiction, he may save his exceptions, file his answer, and proceed to trial, without waiving such error, and he may take advantage of such error on appeal to this court.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Love County; Thomas W. Champion, Judge.

Action by J. C. Rice and G. B. McKee against James H. Grady and J. W. Craft. Judgment for plaintiffs. Defendant Grady appeals. Reversed, with directions.

J. S. Arnote, for plaintiff in error.

Keller & Cameron and Moore & West, for defendants in error.

Opinion by DICKSON, C. On the 29th day of March, 1919, the defendants in error, plaintiffs below, commenced their action in the district court of Love county against the plaintiffs in error, defendants below. The parties will be referred to in this opinion as plaintiffs and defendants as they were designated in the trial court.

The plaintiffs alleged in their petition, in substance, that on the 28th day of September, 1918, the plaintiffs and the defendant James H. Grady entered into an oral contract, by the terms of which the plaintiffs undertook and agreed to procure a purchaser for what was known as the Hartshorne Ranch, consisting of about 1,500 acres of land, and that in consideration of such services in procuring such purchaser the defendant James H. Grady agreed to pay to the plaintiffs five per cent. of the total consideration or proceeds of the sale of said property in the event a sale of said property was effected. That on the 8th day of October, 1918, said plaintiffs procured a purchaser for said property, to wit, the defendant J. W. Craft, of Love county, Okla.

The petition further alleges that the transaction between the defendants Grady and Craft has been fully consummated and the property transferred and delivered to the said defendant J. W. Craft by the said James H. Grady. The only averment in the petition which in any way connected the defendant J. W. Craft with this transaction was:

"That said defendant James M. Grady did then and there in consideration of plaintiffs' agreement to accept said sum ($1,100-00) which said sum is less than 5 per cent. of the total consideration instruct said defendant J. W. Craft to pay to these plaintiffs out of the purchase price said sum of $1,100 and that said defendant, J. W. Craft, agreed so to do."

The plaintiffs prayed judgment against both defendants in the sum of $1,100.

On the 29th day of March, 1919, summons was issued against both defendants and delivered to the sheriff of Love county, and on the same day returned served upon the defendant Craft; the return reciting that the defendant James H. Grady was not found in the county. And on the 7th day of April, 1919, the court clerk issued a sum-

mons in said cause directed to the sheriff of Pittsburg county against the defendant James II. Grady, and this summons was served upon the defendant Grady on the 17th day of April, 1919, in said Pittsburg county.

On the 5th day of May, 1919, the defendant Grady appeared specially and moved the court to quash the summons, for the reason that the same was served on him in Pittsburg county and not in Love county, and that court had no jurisdiction over the person of said defendant. And for the further reason that said defendant was wrongfully and unlawfully joined with the defendant J. W. Craft who was served in Love county, Okla.. when no joint cause of action was stated in the petition against defendants, and that as a matter of fact no joint cause of action existed against said defendant in favor of the plaintiffs: but that said defendants were joined in said action for the purpose only of attempting to obtain jurisdiction over the defendant Grady in Love county, Okla.

On the 2nd day of June, 1919, said motion to quash was overruled by the court, and said ruling excepted to by the defendant Grady. And thereupon the said defendant Grady filed an answer, the first paragraph of which contained substantially the averments set up in said motion to quash. The second paragraph of said answer was as follows:

"This defendant without waiving any rights in the foregoing plea to the jurisdiction of this court and for further answer to the petition of the plaintiffs filed herein, denies each and every allegation therein set forth."

The answer of the defendant Craft was a general denial.

On the 26th day of November, 1919, said cause was tried to a jury in the district court of Love county resulting in a verdict and judgment in favor of the defendant Craft and a verdict and judgment against the defendant James H. Grady for $1,100.

Upon the trial the defendant Grady objected to the introduction of any evidence upon the grounds that the petition did not state facts sufficient to give the court jurisdiction over him. which being overruled, said defendant excepted. At the close of the plaintiffs' case the defendant Grady demurred to the evidence upon the grounds that the evidence was not sufficient to show that the court had jurisdiction over said defendant, which being overruled, said defendant excepted. And at the close of the case said defendant moved the court to instruct the jury to return a verdict for the defend-

ant Grady, for the reason that the evidence showed that the court had no jurisdiction as to said defendant. This motion was overruled and excepted to, and said defendant thereupon requested the court to instruct the jury as follows:

"You are instructed that if you find from the evidence that the plaintiffs are not entitled to recover against the defendant Craft, but that plaintiffs made Craft a party to this action knowing that they had no claim against him merely for the purpose of giving this court jurisdiction of the defendant Grady and knowing that they had no bona fide claim against Craft, then you will not consider the merits of the action against Grady but return a verdict for Grady that this court has no jurisdiction as to him."

This instruction was refused by the court, and said defendant excepted. The court instructed the jury over the objection and exception of the defendant Grady, in effect, that they could return a verdict against either or both of the defendants. And the defendant Grady excepted.

After the rendition of the verdict the defendant Grady moved the court for a judgment dismissing the action as to him, notwithstanding the verdict, for the reason that the court had no jurisdiction of the subject-matter of the action or of said defendant. This motion was also overruled, and defendant Grady excepted. Judgment was entered against said defendant Grady upon the verdict.

It will be seen that the defendant Grady had at every stage of the proceedings insisted that the district court of Love county had no jurisdiction of the person of the said defendant. Said defendant has appealed to this court and assigns the rulings of the court above set out as error.

The venue, in cases of this character, is fixed by Comp. Stat. 1921 as follows, section 207:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned. * * *"

Section 234:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

These sections were adopted from Kansas and had been construed by the Supreme Court of that state. In Brenner v. Egley, 23 Kan. 123, it is said:

"In all such cases both the defendants should be real parties and proper parties to the action, and should be shown to be such

on the trial of the case, or no judgment should be rendered against the defendant not served with summons in the county where the action was brought. If the defendant who was served with summons in the county where the action was brought obtains a judgment in his favor, or if the plaintiff voluntarily dismisses his action as to him (as was done in this case), then it will be presumed that such defendant was not a real or proper party to the action, but that he was made a party merely for the purpose of suing the other and the real party in a county in which he did not reside nor could be summoned. And in such a case no judgment should be rendered against the real party; for presumedly the service of summons upon him was procured wrongfully, and in violation of the spirit of said sections 55 and 60. In such a case, the action should be dismissed as to said real party."

See Dunn v. Hazlett, 4 Ohio St. 435; Rullman v. Tulse, 32 Kan. 598, 5 Pac. 176; Marshall v. Saline River L. & M. Co., 75 Kan. 445, 89 Pac. 905. That is, when the plaintiff joins as defendants a resident of the county in which the suit is brought with a nonresident of the county, he must plead and prove a state of facts which would warrant the court in rendering a judgment against both defendants. Ordinarily a suit may only be brought against the defendant in the county in which he resides or in which he may be summoned, the exception being that when there are two or more defendants liable on the same cause of action, and the suit is brought in the proper county against one of the defendants, the other defendant may be brought in by summons although they reside or are served in different counties. But it never was intended that a plaintiff could arbitrarily join a party as a defendant who is in no way interested or liable upon the cause of action set up in the petition, and by that means compel the real defendant to submit to the jurisdiction of the court of a foreign county.

We think that the petition in this case did not state a cause of action against the defendant Craft. But assuming that it did, the verdict of the jury was in effect a finding that plaintiffs had no cause of action against the defendant Craft, therefore the defendant Craft was not rightly joined.

In the case of Crist v. Cosby et al., 11 Okla. 635, 69 Pac. 885, the Supreme Court of the territory adopted the language of the Supreme Court of Kansas in Rullman v. Hulse, supra, as follows:

"Before a summons can be rightly issued from one county to another, the person served with the summons in the county in which the action is brought must have a real and substantial interest in the subject of the action adverse to the plaintiff, and against whom some substantial result may be obtained; and the action must be rightfully brought in the county in which it is brought, and as against the person served with the summons in such county."

In Crist v. Cosby et al., it was held that the defendant had waived his right to objection to the jurisdiction of the court by not appearing and calling the court's attention to the wrongful service had upon him. In the present case the defendant Grady at the first opportunity by his action to quash the summons, raised the question of jurisdiction, and, as we have seen, kept said question constantly before the court during the entire trial and renewed his objection to the jurisdiction of the court by his motion that the case be dismissed as to him notwithstanding the verdict.

"Where a court has no jurisdiction over the particular cause or of the person of the defendant, and the defendant appears specially for the purpose of calling the attention of the court to such irregularities, and the court thereupon overruled his motion to such jurisdiction, he may save his exceptions, file his answer, and proceed to trial without waiving such error; and he may take advantage of such error on appeal to a higher court." Chicago Bldg. & Mfg. Co. v. Kirby, 10 Okla. 730, 63 Pac 966.

See, also, Cameron v. Consolidated School District No. 1, 44 Okla. 67, 143 Pac. 182; Commonwealth Cotton Oil Co. v. Hudson, 62 Okla. 23, 161 Pac. 535. The defendant Grady in no way invoked the jurisdiction of the court. His answer was a general denial and no affirmative relief was demanded.

The plaintiffs have prosecuted no cross-appeal and appear to have been satisfied with the verdict of the jury finding that the defendant Craft was in no way liable to them upon the contract sued upon, and they are concluded by the verdict.

It follows from what has been said that the district court of Love county never obtained jurisdiction of the person of the defendant James H. Grady.

And we therefore recommend that the judgment appealed from be reversed and remanded, with directions to the district court of Love county to dismiss the cause as to the defendant James H. Grady.

By the Court: It is so ordered.