## TULOMA OIL CO. v. JOHANTGEN et al.

No. 14157—Opinion Filed Oct. 28, 1924.

(Syllabus.)

1. **Corporations—Venue of Actions Against —Statute.**

Section 202, Comp. Stat. 1921, provides: "An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose."

2. **Same—Place of Accrual of Cause of Action—Suit on Notes.**

Where plaintiffs drill an oil well in Garfield county under contract with defendant so to do, and after the completion of the well plaintiffs accept from defendant two promissory notes covering the contract price for the drilling, said notes being executed and delivered in the city of Tulsa, in Tulsa county, and payable at a certain building maturity gave plaintiffs a cause of action and such cause of action arose in Tulsa county.

3. **Same—"Cause of Action."**

In the case set out in the foregoing paragraph, where suit is begun upon the notes, the fact that the well was drilled in Garfield county and that the notes were given in payment for such drilling, constitutes no part of the cause of action so as to give jurisdiction to the district court of Garfield county under section 202, Comp. Stat. 1921, but the entire cause of action arises out of the failure to pay the notes.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by W. C. Johantgen and others against the Tuloma Oil Company. Judgment for plaintiffs, and defendant brings error. Reversed.

Harmon, Crowe & Crowe, Robert H. Burns, and Marvin T. Johnson, for plaintiff in error.

Simons, McKnight & Simons, for defendants in error.

GORDON, J. Defendants in error began this action in the district court of Garfield county to recover against plaintiff in error upon two promissory notes. The parties will be designated as in the trial court. Suit is begun in a county in which defendant was not domiciled nor found. Service of summons was had upon defendant in Tulsa county; special appearance was entered by defendant with motion to quash the summons and service thereof, and a plea to the jurisdiction of the court. This motion and plea alleged that defendant is a domestic corporation, with its principal office and place of business in Tulsa county; that it maintains no office in Garfield county, and that none of its principal officers reside in said county, nor were any of them summoned therein; that the notes sued on were given, dated, and executed in the city of Tulsa, and payable at the Tuloma Building in said city. This motion was overruled by the court upon the sole and express ground that the cause of action sued on, or part thereof, arose in Garfield county, "because of the fact that the work, for which consideration the notes sued upon were given, was done and performed in the county of Garfield, state of Oklahoma." Defendant duly excepted, and thereupon filed its answer. On the trial defendant objected to the introduction of any testimony, for the reason that the court was without jurisdiction and that the proper venue of the action was in Tulsa county. This objection being overruled, plaintiffs introduced the notes in evidence and proved that the notes were

given in payment for the work of drilling a well in Garfield county. Plaintiffs then rested. Defendant declined to introduce any evidence, and judgment was rendered for plaintiffs for the amount sued for. After motion for a new trial made and overruled, the cause was brought here for review.

The sole question presented here is whether by service of summons upon defendant in Tulsa county, the district court of Garfield county obtained jurisdiction over the defendant, so as to authorize rendition of judgment upon the notes in question. The two notes sued on are identical in form, and the first is as follows:

"Tulsa, Okla. Jan. 22, 1922.
"$3,250.00

"Sixty days after date we promise to pay to the order of Johantgen, Haurry & Manahan, three thousand two hundred fifty and no-100 dollars, with interest at 8 per cent per annum from date.

"At Tuloma Building, Tulsa, Oklahoma,

"Tuloma Oil Company,

"by Alfred E. Aaronson,
"Value received.          President."

In the petition there is no allegation that defendant is domiciled or to be found in Garfield county, nor that it has an office therein, nor that any of its officers reside or are to be found therein. The jurisdiction of the court is predicated solely upon the allegation that the cause of action, or a part thereof, arose in Garfield county. Section 202, Comp. Stat. 1921, provides:

"Actions against domestic corporations.—An action other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action, or some part thereof arose."

The cause of action referred to in the statute is that cause of action set out in plaintiffs' petition. The cause of action alleged in the petition is the failure to pay the notes according to the tenor thereof. The fact that the notes were given in payment of work done in Garfield county does not change the fact that the breach of the covenant contained in the notes is the basis of the action here. In order to recover upon these notes, it was wholly unnecessary to allege the consideration for which they were given. The allegations of the petition touching the execution and delivery of the notes, the fact that they are past due and unpaid, that plaintiffs are the owners and holders thereof, together with the exhibits made of the notes themselves, constitute a full cause of action and entitle the plaintiffs to recover. If plaintiffs can thus recover upon such allegations, they have stated a cause of action and it is unnecessary, to entitle plaintiffs to recover, that allegations should be made as to the consideration for the notes. Then the question remaining is whether the cause of action as set out in plaintiffs' petition upon these notes arose in Garfield county.

In the case of Fisher et al. v. Fiske, 96 Okla. 36, 219 Pac. 683, this court says:

"We are aware that ordinarily the jurisdiction of a local court cannot be extended to persons outside of its territorial jurisdiction. This is a declaration of that old common-law principle that a man must be sued in the jurisdiction of his residence. However, to this rule, there are exceptions. One of these is contained in the statutory provisions that permit, in certain instances, where one of the defendants resides in the jurisdiction, that persons nonresident of the territory may be joined."

In order, therefore, to show jurisdiction in the district court of Garfield county, the special statute must be invoked.

In the case of Oklahoma Fire Insurance Company v. Kimple, 57 Okla. 398, 156 Pac. 300, the suit was upon a supersedeas bond executed in Muskogee county and approved by the clerk of the district court of that county. Upon breach of the conditions of the bond, suit was begun in Muskogee county, although defendant and its officers were domiciled and to be found in Oklahoma county. This court held that under the statute involved here, the court of Muskogee county had jurisdiction of the action because the breach of the condition of the bond occurred in that county.

In the case of Bach v. Brown (Utah) 53 Pac. 991, the question is fully discussed. It is claimed by defendants in error that the provision in the Utah law has later received a different construction. However this may be, the primary principles involved in that case are applicable here, and the matters decided are persuasive here regardless of whether the law in Utah has or has not been changed. In that case suit was brought in Tooele county, upon a note executed in that county, but payable at Salt Lake City in Salt Lake county. On page 992, the court says:

"The important question, therefore, is, where did the cause of action arise? The appellant contends that it arose in Salt Lake county, where the failure to pay which caused a breach of contract occurred; while the respondent insists that, upon the default of the obligor, his obligation to pay

at Salt Lake City was broken, and could not afterwards ever be performed. * * * Whatever may have been the reason for the stipulation, it is a material part of the contract, and it made it the duty of the obligor, at maturity of the note, to pay at the place designated. The obligation in itself created no cause of action. It existed before maturity as well as after, and yet no one would claim that the payee had a right to sue before maturity of the note. This being so, then a cause of action could not have arisen until the promisor had refused or omitted to do his duty, as he had agreed, which was to pay the note at maturity at Salt Lake City. * * * That which gives cause for complaint is the breach. Hence, whenever the breach occurs, whether by commission or omission, the cause of action arises; and when the contract is to be performed at a place stipulated, the act of omission, which is the ground work for complaint will be regarded as having occurred at that place."

And further, on page 993, it is said:

"I cannot avoid the conclusion that a cause of action arises where that takes place which first makes a cause of action. The contract does not make a cause of action but a cause of action does arise when and where the person who has entered into the contract does or omits to do that which gives a cause of action. But the whole cause of action in the sense which makes it include both the contract and the breach arises nowhere."

And further:

"I am clearly of the opinion that the cause of action arises not where the contract is made, but where it is broken." Hays Land & Investment Co. v. Bassett, 85 Kan. 48, 116 Pac. 475.

In Consolidated Fuel Co. v. Gunn, 89 Okla. 73, 213 Pac. 750, the same question presented here was under discussion. The court say, quoting with approval from 40 Cyc. 81, at page 84, that in order to be a part of the cause of action as mentioned in the statute:

"The act relied on for the venue must be one of the facts which under the substantive law, constitute the cause of action."

The negotiations concerning the drilling of the well in Garfield county and the resultant debt arising from the performance of the contract, are no part of the cause of action sued on here. If plaintiffs had considered that after the execution of the notes they still had a cause of action upon the original indebtedness resulting from the drilling of the well, they might have sued upon the debt and with reason have urged that the cause of action sued on arose in Garfield county, but this they have not done. They have sued upon the notes, and, as

hereinbefore suggested, any allegation concerning the drilling of the well was immaterial and unnecessary.

We therefore hold that the cause of action arose in Tulsa county, where the notes were executed and made payable.

It is claimed by defendants in error that defendant below failed to verify the motion to quash the summons. This argument would have had weight, had it not been apparent from the face of the petition, taken together with the return upon the summons, that the trial court was without jurisdiction. But where such facts appear from the petition and the return upon the summons, the motion calling the courts' attention to its lack of jurisdiction, whether verified or not, was, we think, sufficient. Due exception was taken to the overruling of this motion, and throughout the course of the proceedings the defendant consistently maintained the lack of jurisdiction in the trial court, and now presents it here. The filing of an answer under such circumstances does not waive the error and defendant may take advantage of such error on appeal to this court. Chicago, Bldg. & Mfg. Co. v. Kirby, 10 Okla. 730, 63 Pac. 966; Grady v. Rice, 98. Okla. 166, 224 Pac. 321; Austin Mfg. Co. v. Hunter, 16 Okla. 86, 86 Pac. 293; Taylor, Admr. v. Enid National Bank et al., 77 Okla. 74, 186 Pac. 232.

We therefore hold that the district court of Garfield county was without jurisdiction of the defendant in this cause, and the judgment of the trial court is reversed, with directions to sustain the motion to quash summons and the plea to the jurisdiction.

McNEILL, C. J., and NICHOLSON, JOHNSON, BRANSON, LYDICK, and WARREN, JJ., concur.