## GUARANTY STATE BANK of TISHOMINGO v. FIRST NAT. BANK of ARDMORE.

No. 16278.  Opinion Filed Dec. 21, 1926.

Rehearing Denied Nov. 15, 1927.

(Syllabus.)

1. **Venue—Action for Dishonor and Protest of Draft.**

A cause of action for the dishonor and protest of a draft arises in the county where such draft is dishonored and protested, and not in the county where such draft is drawn.

2. **Corporations—Venue of Action Against Domestic Corporation.**

Where an action is brought against a domestic corporation in a county other than the county in which such corporation is located, upon the theory that some part of the cause of action arose in the county where the suit is brought, and summons is served upon the defendant in the county where it is located and the defendant files a timely motion to dismiss the cause for want of jurisdiction over its person, and the facts disclosing the lack of jurisdiction appear on the face of the record, the court is without jurisdiction to take any further proceedings in the case, except to sustain the motion.

3. **Venue—Objections—Special Appearance.**

Where an action is brought in the wrong county, and the defendant specially appears for the purpose of challenging the jurisdiction of the court over its person, and said motion is presented to the court for consideration, such court is without power or authority to permit the filing of an amended petition bringing in new parties defendant, residents of the county in which the suit is pending; such motion must be determined by the allegations of the petition at the time of the filing of the motion.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by First National Bank of Ardmore against the Guaranty State Bank of Tishomingo.  Judgment for plaintiff, and defendant has appealed.  Reversed and remanded.

Cornelius Hardy, for plaintiff in error.

H. C. Potterf and Earl Q. Gray, for defendant in error.

Opinion by DICKSON, C.  The parties will be referred to as plaintiff and defendants as they appeared in the trial court, inverse to the order in which they here appear.

On June 1, 1923, the First National Bank of Ardmore, as plaintiff, commenced its action against the Guaranty State Bank of Tishomingo, as defendant, to recover $5,001.40.

It was alleged in plaintiff's petition that the plaintiff. the First National Bank of Ardmore, was a corporation organized under the laws of the United States and having its place of business at Ardmore, in Carter county, Okla.: that the defendant, Guaranty State Bank of Tishomingo, was a corporation organized under the laws of the state of Oklahoma having its place of business at Tishomingo in Johnston county, Okla.  It is then alleged, in substance. that on and prior to September 5, 1923. the plaintiff had on deposit in the defendant bank the sum of $5,-

000; that on August 30, 1923, the plaintiff drew its draft upon the defendant bank for said sum of $5,000, and sent such draft through exchange in the regular course of business and caused the same to be presented to the defendant; that said defendant received said draft in the usual course of business on or about September 5, 1923, and wrongfully refused payment thereon, and caused the same to be protested and returned through the regular channels with the protest fees thereon amounting to $1.40, and prayed judgment against the defendant in the sum of $5,001.40. On the same day a summons was issued out of the district court of Carter county, directing the sheriff of Johnston county, and on the 9th day of June, 1923, said summons was served in Johnston county by delivering a true copy thereof to Clyde Faught, president of the defendant bank. On June 29, 1923, the defendant specially appeared in said cause and moved the court to dismiss the cause for want of jurisdiction, upon the ground that the defendant was a domestic corporation, organized and doing business under the laws of the state of Oklahoma with its banking house, office, and place of business at the town of Tishomingo in Johnston county; that Clyde Faught, the president of the defendant bank, upon whom said summons was served, resided, and had his permanent home and place of residence in Johnston county, Okla.; that no part of the cause of action alleged in the plaintiff's petition arose in Carter county, Okla., but that the whole of said cause of action set up in the plaintiff's petition arose at the banking house of the defendant in Johnston county, Okla. This motion was verified by the affidavit of Clyde Faught, president of the defendant bank. The foregoing motion was presented to the court and taken under advisement.

Afterwards, and on June 28, 1923, the plaintiff filed an amended petition, setting up substantially the same facts as set up in the original petition, and alleged that it had been damaged in the sum of $7,500 by reason of the nonpayment of said draft. No reference was made to the original petition in this amendment. The court's bench docket shows that this amended petition was filed by permission granted July 28, 1923.

On October 15, 1923, the plaintiff filed in said cause a second amended petition setting up the same facts alleged in the original and first amended petition, and bringing in new parties defendant, namely: Hal M. Cannon, trustee of J. S. Mullen, bankrupt, and D. Lacy of Carter county, Okla., and alleged in substance that the defendant bank of Tishomingo and J. S. Mullen and D. Lacy entered into a conspiracy against the plaintiff bank on or about March 31, 1923, in pursuance of which they caused the sum of $5,000 of the money belonging to the plaintiff bank to be deposited in the defendant bank for the use and benefit of D. Lacy and J. S. Mullen. No reference is made in the second amended petition to either the original or first amended petition. Summons was issued and served upon the trustee of J. S. Mullen and upon D. Lacy.

On October 23, 1923, the defendant bank specially appeared and filed its additional and supplemental motion to dismiss for want of jurisdiction. In this motion it is specifically set out that the defendant does not waive its original motion to dismiss for want of jurisdiction, but still insists upon the same. In this subsequent motion it is pointed out to the court that the first and second amended petitions were filed after the filing of the original motion to dismiss for want of jurisdiction, and after the same had been presented to the court, and that no summons had issued or been served upon the defendant other than the summons issued upon the filing of the original petition.

On November 21, 1923, both these motions were overruled and exceptions reserved, and the defendant allowed ten days to plead further. The defendant, without waiving its objections to the jurisdiction and at all times insisting upon its objection to the exercise of any jurisdiction over it, attacked the sufficiency of the plaintiff's pleadings by motion and demurrer, which were overruled and exceptions reserved, and on February 5, 1924, filed its answer still insisting upon the want of jurisdiction of the court over the person of the defendant and without waiving any of the objections thereto. Neither the defendant D. Lacy nor Hal M. Cannon filed an answer.

On December 20, 1924, the cause was tried to the court by agreement of the parties, a jury having been waived, resulting in a judgment for the plaintiff and against the defendant in the sum of $5,001.40, with interest thereon from September 5, 1923, and the further sum of $1. A motion for new trial was timely filed and overruled and an exception reserved, and the defendant has appealed to this court.

Eleven assignments of error are presented and argued for a reversal of this case. From the conclusion we have reached, however, it will only be necessary to consider the first assignment, viz.:

"Said court erred in overruling the motion of the defendant to dismiss the case for want of jurisdiction."

It will be observed that the theory upon which this case was originally brought in Carter county was that some part of the cause of action sued on arose in Carter county.

Section 202, C. O. S. 1921, provides that a suit against a domestic corporation may be brought in the county in which it was situated, or has its principal office or place of business, or in which any of the principal officers thereof reside, or may be summoned, or in the county where the cause of action or some part thereof arose. While it was alleged in the original petition that some part of the cause of action sued on arose in Carter county, the subsequent allegations of the petition show that the cause of action sued on arose wholly in Johnston county. A cause of action arises, in the nature of things, at the time when and place where the act is done or omitted which gives the plaintiff the cause of complaint. The draft drawn by the plaintiff against its funds in the bank of the defendant was not the cause of action set up in the petition, but it was the act of the defendant bank in dishonoring the draft and sending it to protest that brought into existence the cause of action. Under the allegations of the petition this occurred in Johnston county. The draft was made payable at the defendant bank, was there presented for payment, and payment refused. Sections 7743 and 7745, C. O. S. 1921. In Tuloma Oil Co. v. Johantgen et al., 107 Okla. 92, 230 Pac. 264, it is held that a cause of action upon a note arises at the place where the note is made payable and the payment is not made. Bolene Refining Co. v. Zobisch Oil Co., 98 Okla. 202, 224 Pac. 942. In Hibernia National Bank v. Lacome, 21 Hun. 166, 84 N. Y. 367, 38 Am. Rep. 518, in a suit upon a draft drawn by a bank in New Orleans upon a bank in New York, t1e court held that the place of refusal of the payment of the draft was the place where the cause of action accrued. See, also, Sanburn v.Smith, 44 Iowa, 152.

It is conceded that the original plea to the jurisdiction was filed in apt time, and did not enter a general appearance, but it is contended that the second motion contained allegations that were not jurisdictional and that by filing this motion the defendant subjected itself to the jurisdiction of the court.

It is well settled in this state that where a defendant, by special appearance, files his objection to the jurisdiction of the court over his person, in which is set up only jurisdictional matters, and such motion or plea is overruled and an exception reserved, he may thereafter in any manner defend against the action without waiving his objection. Mills v. Dauhenheyer et al., 96 Okla. 268, 222 Pac. 523; Grady v. Rice et al., 98 Okla. 166, 224 Pac. 321; Lausten v. Lausten, 55 Okla. 518, 154 Pac. 1182; Commonwealth Cotton Oil Co. v. Hudson et al., 62 Okla 23, 161 Pac. 535; Wm. Cameron & Co. et al. v. Consolidated School Dist. No. 1 of Kiowa County et al., 44 Okla. 67, 143 Pac. 182; Chicago Bldg. & Mfg. Co. v. Pewthers, 10 Okla. 724, 63 Pac. 964.

In the instant case the defendant filed its motion challenging the jurisdiction of the court, and presented the motion to the court for its ruling thereon. It did all it could do in the premises. The court without passing on this motion permitted the plaintiff to file a first and second amended petition. The second motion filed expressly recites that the defendant did not waive its original motion and still insisted upon the same, and then pointed out that the amendments were made without notice to the defendant; that new parties had been brought in without an application to the court or notice to the defendant, and that these proceedings were had while the original motion was pending. It is clear that this did not amount to a general appearance. No affirmative relief was sought. The original motion to dismiss for the want of jurisdiction was in the nature of a plea in abatement and operated to suspend the power of the court to act upon any other question until it was disposed of. Nolan v. McDuffie, 125 Cal. 334, 58 Pac. 4; Griffin & Skelly Co. v. Magnolia & H. F. Cannery Co., 107 Cal. 378, 40 Pac. 495; Brady v. Times Mirror Co., 106 Cal. 56, 39 Pac. 209.

The right of a party to be sued in the county where the cause of action arises, or where it is summoned, is a substantial one. The district court of Carter county never obtained jurisdiction over the person of the defendant. The defendant at every stage of the proceedings objected to the jurisdiction of the court, and the original motion should have been sustained.

For the reasons stated, the case is reversed and remanded, with directions to the district court of Carter county to set aside and vacate the orders entered subsequent to October 23, 1923, and to sustain the motion of the defendant and to dismiss the case as to said

defendant Guaranty State Bank of Tishomingo.

By the Court: It is so ordered.

Note.—See under (1) 40 Cyc. 83. (2, 3) 14a C. J. p. 859, §2983 (Anno).