Ernest PERKINS and Armon Sanders, Joint Administrators of the Estate of Burrell Perkins, Deceased, Appellees,

v.

R. M. PERKINS, Appellant.

No. 47893.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 16, 1975.

Released for Publication by Order of Court of Appeals Oct. 9, 1975.

McAfee, Taft, Mark, Bond, Rucks & Woodruff by Ray G. Moss, Oklahoma City, Ginder & Moore by Ed. Moore, Cherokee, for appellees.

Robert L. Gregory, Enid, for appellant.

REYNOLDS, Judge:

This litigation is a suit on a note. There is a conflict of laws question raised as to whether the Oklahoma or the Kentucky statute of limitations should apply.

This action was filed on the 24th day of May, 1973, by the administrators of the estate of Burrell Perkins, deceased, to recover on an undated note bearing the printed words "P.O. Address, ————, Lexington, Ky., ———— 19—." The first blank bears the typewritten notation, "Aline, Okla." The note is in the principal amount of $6,000.00, payable to Burrell Perkins with interest at the rate of 4% per year from date until paid, interest to be paid annually. The maturity date is August 18, 1964. The note bears the signature "R. M. Perkins." The back of the note has the notation, "1953, in paid July 28, $240."

The case was submitted to the trial court upon the pleadings, depositions and requests and answers to admissions. Defendant introduced no independent evidence and depends only upon the Oklahoma five year statute of limitations as a bar to recovery by the plaintiff. 12 O.S.1971, § 95.

The plaintiff alleges that the cause of action accrued in Kentucky; therefore, 12 O.S.1971, § 105 requires that the fifteen year Kentucky statute of limitations be applied as it last bars the action.

Section 105 provides as follows:

"The period of limitation[s] applicable to a claim accruing outside of this state shall be that prescribed either by the law of the place where the claim accrued or by the law of this state, whichever last bars the claim."

The question to be answered by this Court is, did the cause of action accrue in Kentucky or Oklahoma? If it accrued in Kentucky, § 105 requires that the longer Kentucky limitation of action statute be applied. K.R.S. 413.090(2).

No cases have been cited and no cases have been found which determine this question in reference to Oklahoma conflict of laws. However, the Supreme Court has construed similar words in another sense. In relation to venue, it was decided that a cause of action arises on a debt at the place where payment is to be made. *Guaranty State Bank of Tishomingo v. First National Bank of Ardmore,* 127 Okl. 292, 260 P. 508 (1926); *Clem Oil Co. v. Oliver,*

106 Okl. 22, 232 P. 942 (1924); *Tuloma Oil Co. v. Johantgen,* 107 Okl. 92, 230 P. 264 (1924). These decisions were based on statutory language in a venue statute almost identical to that used in § 105; "An action . . . may be brought in the county . . . *where the cause of action* or some part thereof *arose* . . . ." 12 O.S.1971, § 134. (Emphasis added.)

> "A cause of action arises, in the nature of things, at the time when and place where the act is done or omitted which gives the plaintiff the cause of complaint." Guaranty, supra.

This rule is sound as repayment is the ultimate aim of the contract; and the failure to pay is the breach on which the cause of action relies.

■ The note in question does not state where payment is to be made. In this circumstance, payment is to be made at the place where the creditor resides. *Clem Oil Co.,* supra. As the deceased creditor was a resident of Kentucky when the loan was made, received an interest payment from defendant in Kentucky, and continued to reside in Kentucky until his death, there can be no question that it was understood by the parties to this contract that payment was to have been made in Kentucky.

■ As the cause of action accrued in Kentucky § 105 borrows the Kentucky statute of limitation for purposes of this action; therefore, the cause of action is not barred. The judgment of the lower court is affirmed.

Affirmed.

ROMANG, P. J., and BOX, J., concur.