**BROOKS HALL CORPORATION, Petitioner,**

v.

**Honorable Frank H. SEAY, Judge of the District Court of Hughes County, State of Oklahoma, Respondent.**

**No. 51067.**

Supreme Court of Oklahoma.

Nov. 8, 1977.

John C. Moricoli, Jr., Watson, McKenzie & Moricoli, Oklahoma City, for petitioner.

Victor W. Pryor, Jr., Holdenville, for respondent.

IRWIN, Justice.

G. D. Mathis and Eupha Glee Mathis (plaintiffs) own a forty acre tract of minerals in Hughes County and Brooks Hall Oil Corporation (petitioner) has an oil and gas lease covering the tract. Petitioner drilled a well on the tract and produced oil from February 10, 1976, until the well watered out in September, 1976. Plaintiffs complain they are entitled to additional royalty payments from the accrued oil runs from that production.

The forty acre tract is subject to a spacing order or orders issued by the State Corporation Commission (commission). In a division order caused to be issued by petitioner, royalty payments were to be made based on a 320 acre spacing order of the Commission. Plaintiffs assert they are entitled to have their royalty payments computed on an 80 acre spacing order.

Plaintiffs commenced proceedings in Hughes County to recover $8,671.87, which is the difference between the royalty payments based on an 80 acre spacing order and a 320 acre spacing order. Plaintiffs also sought exemplary damages.

Petitioners timely presented objections to venue in Hughes County and such objections were overruled by the trial court (respondent). Petitioner has asked this Court to assume original jurisdiction and issue a writ prohibiting the respondent from further proceeding in the cause.

A brief summary of the proceedings before the Commission is set forth. On October 15, 1975, petitioners obtained Commission order No. 115892 which granted 320 acre spacing for the production of gas. Plaintiffs' 40 acre tract was included in this spacing order and at that time no gas wells were on the 320 acres included in the spacing order. On February 10, 1976, petitioners completed an oil well on plaintiffs' 40 acre tract. On October 18, 1976, order No. 125067 was issued establishing an 80 acre oil well spacing which included plaintiffs' tract. This order had no effective retroactive date and plaintiff filed an application for an order nunc pro tunc requesting that the October 18, 1976, order be made effective retroactive to February 10, 1976, the date of first production from plaintiffs' tract. Plaintiffs' application for an order nunc pro tunc was denied.

Petitioner challenged the venue of the Hughes County Court on the theory that plaintiffs' action is transitory and not local; that it had done nothing that would place venue in Hughes County; and that proper venue was in Oklahoma County, the place where petitioner has its principal office and place of business.

Plaintiffs contend venue is properly placed in Hughes County by reason of 12 O.S.1971, § 131, which states in pertinent part:

"Actions for the following causes must be brought in the county in which the subject of the actions is situated . . first, for the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest. * * * "

In *Utica Bank and Trust Company v. Couch,* Okl., 544 P.2d 1265 (1975), this Court said:

" * * * Where the title will be directly affected by the judgment of the court, the action is local, and venue is properly laid in the county where the land lies; but when the title is only incidentally affected, or the relief as to it is incidental to the main controversy or primary purpose of the action, the action is transitory, and the proper venue is in the county where the defendant resides or may be summoned. * * * "

Accrued royalty and accrued oil runs are personal property and under no theory could they be considered real property. Plaintiffs' action against defendant (petitioner) in the trial court is an action to recover additional royalty payments allegedly due and owing from accrued oil runs not an action "for the recovery of real property, or any estate, or interest therein." Plaintiffs did not seek to establish their rights or interest in any real property and any judgment rendered by the trial court will not determine or affect any right, title or interest in real property. Plaintiffs' action in the trial court is transitory and they are not entitled to maintain the action in Hughes County based on 12 O.S.1971, sec. 131.

Plaintiffs also seek to justify placement of venue in Hughes County under 12 O.S. 1971, § 134, which states in pertinent part:

"An action, other than one of those mentioned in the first three sections of the Article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, *or in the county where the cause of action or some part thereof arose,* or in any county where a co-defendant of such corporation created by the laws of this state may properly be sued."

The only language of § 134, supra, which plaintiffs assert support venue in Hughes County is the one permitting maintenance of the suit in the county "where the cause of action or some part thereof arose".

In *American First Title and Trust Company v. First Federal Savings and Loan Ass'n,* Okl., 415 P.2d 930 (1965) we held:

"By virtue of 12 O.S.1961, § 134, an action against a domestic insurance company may be brought in the county where the cause of action or some part thereof arose. To be a part of the cause, however, the act relied on for the venue must be one of the facts which, under substantive law, constitute the cause of action."

The fact that the oil was produced in Hughes County does not give rise to plaintiffs' action and no conduct of petitioner gives rise to a cause of action in Hughes County. Plaintiffs' action is not within the terms of that part of sec. 134, which states "in the county where the cause of action or some part thereof arose."

Application to assume original jurisdiction assumed; and Writ of Prohibition issued enjoining respondent from further proceeding in the cause.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, BERRY, BARNES and SIMMS, JJ., concur.

DAVISON and DOOLIN, JJ., dissent.