A.B. STILL WEL-SERVICE v. ANTINUM MIDCON I



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:A.B. STILL WEL-SERVICE v. ANTINUM MIDCON I

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 A.B. STILL WEL-SERVICE v. ANTINUM MIDCON I
2018 OK CIV APP 35
417 P.3d 1235
Case Number: 113755
Decided: 12/22/2015
Mandate Issued: 05/09/2018
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2018 OK CIV APP 35, 417 P.3d 1235

 

A.B. STILL WEL-SERVICE, INC., an Oklahoma corporation, Plaintiff/Appellant,
v.
ANTINUM MIDCON I, LLC; DEVON ENERGY PRODUCTION COMPANY, L.P., an Oklahoma limited partnership; ENERVEST OPERATING, LLC, a limited liability company; HIGHMOUNT EXPLORATION AND PRODUCTION, LLC; HIGHMOUNT EXPLORATION & PRODUCTION MIDCONTINENT, LLC; HIGHMOUNT OPERATING, LLC; KAISER-FRANCIS ANADARKO LIMITED PARTNERSHIP, an Oklahoma limited partnership; QUINTIN AND CARRIE LOU FAMILY LIMITED PARTNERSHIP, an Oklahoma limited partnership; RAMCO, INC.; REPSOL E&P USA, INC.; SANDRIDGE EXPLORATION AND PRODUCTION, LLC; THE QUINTIN LITTLE COMPANY OIL & GAS LIMITED PARTNERSHIP, an Oklahoma limited partnership; TIPTOP ENERGY PRODUCTION US, LLC, a limited liability company; and TODCO PROPERTIES, INC., an Oklahoma corporation, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
CREEK COUNTY, OKLAHOMA

HONORABLE DOUGLAS W. GOLDEN, TRIAL JUDGE

AFFIRMED

Jessie V. Pilgrim, PILGRIM LAW FIRM, Tulsa, Oklahoma, for Plaintiff/Appellant

Mark D. Christiansen, McAFEE & TAFT, A PROFESSIONAL CORPORATION, Oklahoma City, Oklahoma, for Defendants/Appellees Antinum Midcon I, LLC, Repsol E&P USA, Inc. and Sandridge Exploration and Production, LLC

Laura J. Long, Timothy Bomhoff, McAFEE & TAFT, A PROFESSIONAL CORPORATION, Oklahoma City, Oklahoma, for Defendants/Appellees Devon Energy Production Company, LP and Tiptop Energy Production US, LLC

Charles L. Puckett, Jr., GUM, PUCKETT & MACKECHNIE, L.L.P., Oklahoma City, Oklahoma, for Defendants/Appellees EnerVest Operating, LLC, HighMount Exploration and Production, LLC, HighMount Exploration and Production Midcontinent, LLC, HighMount Operating, LLC, and Ramco, Inc.

Miriam LeeAnn Sweetin, FREDERIC DORWART LAWYERS, Tulsa, Oklahoma, for Defendant/Appellee Kaiser-Francis Anadarko Limited Partnership

F. Thomas Cordell, FRAILEY, CHAFFIN, CORDELL, PERRYMAN, STERKEL, McCALLA & BROWN LLP, Chickasha, Oklahoma, for Defendants/Appellees Quintin and Carrie Lou Family Limited Partnership and The Quintin Little Company Oil & Gas Limited Partnership

Verland E. Behrens, BEHRENS, WHEELER & CHAMBERLAIN, Oklahoma City, Oklahoma, for Defendant/Appellee TODCO Properties, Inc.

JANE P. WISEMAN, JUDGE:

¶1 Plaintiff A.B. Still Wel-Service, Inc., appeals the trial court's order granting a motion to dismiss for improper venue filed by Defendants Antinum Midcon I, LLC; Devon Energy Production Company, LP; EnerVest Operating, LLC; Highmount Exploration and Production, LLC; Highmount Exploration & Production Midcontinent, LLC; Highmount Operating, LLC; Kaiser-Francis Anadarko Limited Partnership; Quintin and Carrie Lou Family Limited Partnership; Ramco, Inc.;[1] Repsol E&P USA, Inc.; Sandridge Exploration and Production, LLC; The Quintin Little Company Oil & Gas Limited Partnership; Tiptop Energy Production US, LLC; and TODCO Properties, Inc. After reviewing the record and applicable law, we affirm the order of the trial court dismissing Plaintiff's petition for improper venue.[2]

FACTS AND PROCEDURAL BACKGROUND

¶2 Plaintiff states in the petition that it "is the owner of the working interest and operator of an oil well known as the Myers #1 well" which "produces from the Mississippi Chat formation." Plaintiff states it "owns the contract rights to produce and reduce to possession oil and gas from the Myers #1 well."

¶3 Defendants own or owned working interests in, or operated, the Eggers 7-1H well, a horizontal well "intended to produce from the Mississippi Lime formation, which is a formation below the Mississippi Chat formation." According to Plaintiff, in the course of Defendants producing this well, "substantial volumes of water and fluids were used to 'frack' the Eggers 7-1H well" from January 28, 2013, and continuing until the filing of the petition. Plaintiff alleges that "[d]uring the course of fracking and producing the Eggers 7-1H well, water and fracking fluids were allowed to escape and invade the Mississippi Chat formation underlying the Myers #1 well, causing injury to [P]laintiff and resulting in conversion of hydrocarbons from the Mississippi Chat formation underlying the Myers #1 well." Plaintiff claims its "contract rights to produce and reduce to possession oil and gas have been injured as a result of such acts and omissions." Plaintiff alleges Defendants' acts and/or omissions constitute negligence, trespass, nuisance, and conversion. Plaintiff further contends Defendants have been unjustly enriched and Plaintiff is entitled to actual and punitive damages.

¶4 Defendants filed motions to dismiss for improper venue[3] requesting dismissal by the trial court pursuant to 12 O.S. § 2012(B)(3). Defendants argue that because this case involves "alleged damages to a well and subsurface formation," 12 O.S. § 131(2) requires it to be filed in Noble County where the Myers #1 well is located. Section 131(2) states, "For all damages to land, crops, or improvements thereon, actions shall be brought in the county where the damage occurs." 12 O.S.2011 § 131(2).

¶5 Plaintiff argues venue in Noble County is not proper because it "does not allege 'damages to land, crops, or improvements thereon,'" but instead seeks "damages for injury to [its] personal property rights granted [it] by virtue of an oil and gas lease." Plaintiff also claims "that the harm to its contract rights would permit recovery under the legal theory of conversion of personal property, as oil and gas are personal property once reduced to possession." Because it asserts injury to personal property rights, Plaintiff argues the action was properly brought in Creek County where Plaintiff resides.

¶6 After a hearing, the trial court dismissed Plaintiff's case for improper venue. Plaintiff appeals.

STANDARD OF REVIEW

¶7 Whether a motion to dismiss on the basis of improper venue was properly granted is a question of law that we review de novo. Lee v. Bates, 2005 OK 89, ¶4, 130 P.3d 226. "When reexamining a trial court's legal rulings, an appellate court exercises plenary, independent and non-deferential authority." Id.

ANALYSIS

¶8 Plaintiff's primary contention on appeal is that the trial court incorrectly dismissed this case for improper venue in Creek County.

¶9 In their motions to dismiss, Defendants argue 12 O.S.2011 § 131(2) applies because Plaintiff alleges damage to land requiring the action to be filed in the county where the damage occurs, i.e., Noble County. Defendants contend the following:

It is shown in the allegations in paragraphs 26, 27, 28 and 29 of the Petition that the Plaintiff contends that the injury and damage alleged in its Petition are the result of fracking fluids used in the fracking and production of the Eggers 7-1H well allegedly being allowed to escape and invade and damage the subsurface Mississippi Chat geologic formation underlying Plaintiff's Myers #1 well from which Plaintiff's lease and the Spacing Order give Plaintiff the right to extract oil and gas, and or damage to the Myers Well owned by Plaintiff. Damage to the geologic formation or Myers Well due to alleged migration of the frac medium is the only event that this case is based upon. The petition speaks to various counts, claims or remedies, but the petition sets out just one event or occurrence that allegedly gave rise to all these--the alleged damage to land (specifically the Mississippi Chat geologic formation) and the Myers Well, caused by the alleged migration of frac medium and fluid.

Defendants contend that Plaintiff's claim based on its oil and gas lease, giving it the right "to produce and reduce to possession oil and gas from the Myers #1 well," involves damage to land which constitutes "a local action with venue proper only in Noble County."

¶10 The Oklahoma Supreme Court in Shields v. Moffitt, 1984 OK 42, 683 P.2d 530, described an Oklahoma oil and gas lease as "the hybrid offspring of an intermarriage between real and personal property, an offspring which is neither entirely real nor personal property, yet which bears distinguishing characteristics of both." Id. ¶ 10. The Court stated that its "hydra-headed status is summarized" in Hinds v. Phillips Petroleum Company, 1979 OK 22, ¶ 5, 591 P.2d 697, as follows:

The cluster of rights comprised within an instrument we refer to "in deference to custom" as an "oil and gas lease" includes a great variety of common-law interests in land. These fall under the rubric of incorporeal hereditament or profit á prendre. If granted to "one and his heirs and assigns forever", the interest is in fee. Where, as here, it is limited for a term of years, it is denominated a chattel real. Whatever the name used, the interest represented is one in land, although the lease itself does not operate as a conveyance of any oil or gas in situ but constitutes merely a right to search for and reduce to possession such of these substances as might be found. Rather than a true lease, it is really a grant in praesenti of oil and gas to be captured in the lands described during the term demised and for so long thereafter as these substances may be produced . . . . Although, as shown, an oil and gas lease creates an interest or estate in realty, it is not deemed per se real estate. In this respect a distinction is recognized in our law between real estate and an estate in real property."

Id. (emphasis added and footnotes omitted); see also Ranola Oil Co. v. Corporation Comm'n of Oklahoma, 1988 OK 28, ¶ 9, 752 P.2d 1116 ("An oil and gas lease does not convey ownership of the oil and gas in situ but merely conveys a right to search for and reduce to possession any oil and gas as may be found."); Halliburton Oil Producing Co. v. Grothaus, 1998 OK 110, ¶ 15, 981 P.2d 1244; James Energy Co. v. HCG Energy Corp., 1992 OK 117, ¶ 16, 847 P.2d 333 ("An oil and gas lease is interest in real property and must be in writing and signed by the party to be charged to be enforceable.").

¶11 Plaintiff cites Brooks Hall Corporation v. Seay, 1977 OK 212, 571 P.2d 462, to support its proposition that the oil and gas lease represents a personal property right giving the district court of Creek County proper venue. In Brooks Hall, oil and gas lessors brought an action against the lessee to recover royalty payments from "accrued oil runs" produced during a particular time period. Id. ¶ 1. Lessors filed their lawsuit for unpaid royalties pursuant to 12 O.S. § 131 in Hughes County where the well was located. Id. ¶¶ 1-4, 7. The oil and gas lessee objected to venue because "[lessors'] action is transitory and not local; that it had done nothing that would place venue in Hughes County; and that proper venue was in Oklahoma County, the place where [lessee] has its principal office and place of business." Id. ¶ 6. The Oklahoma Supreme Court agreed concluding:

Accrued royalty and accrued oil runs are personal property and under no theory could they be considered real property. [Lessors'] action against [lessee] in the trial court is an action to recover additional royalty payments allegedly due and owing from accrued oil runs not an action "for the recovery of real property, or any estate, or interest therein." [Lessors] did not seek to establish their rights or interest in any real property and any judgment rendered by the trial court will not determine or affect any right, title or interest in real property. [Lessors'] action in the trial court is transitory and they are not entitled to maintain the action in Hughes County based on 12 O.S. 1971, sec. 131.

Id. ¶ 9. The Supreme Court issued a writ prohibiting the action from proceeding in Hughes County. Id. ¶ 14.

¶12 Brooks Hall, however, is distinguishable from this case. In Brooks Hall, lessors sought to recover royalty payments from accrued oil runs representing money from the sale of oil severed from the ground and reduced to possession. Id. ¶ 1.[4] However, Plaintiff in the present case alleges that its "contract rights to produce and reduce to possession oil and gas have been injured as a result of such acts and omissions" such as "water and fracking fluids [being] allowed to escape and invade the Mississippi Chat formation underlying the Myers #1 well, causing injury to [P]laintiff." According to Hinds, 1979 OK 22, ¶ 5, "an oil and gas lease creates an interest or estate in realty" and the oil and gas lease "interest represented is one in land." "Lessee's easement in the surface, which is incident to or implied from the lease . . . extends to such parts of the demised premises as are reasonably necessary for the purpose of exploration and production." Id.

¶13 "A cause of action arises, in the nature of things, at the time when and place where the act is done or omitted which gives the plaintiff the cause of complaint." Guaranty State Bank of Tishomingo v. First Nat'l Bank of Ardmore, 1926 OK 1016, ¶ 11, 260 P. 508. Plaintiff's lawsuit arises from the alleged damage to land caused by the invasion of the Mississippi Chat formation underlying the Myers #1 well by "water and fracking fluids." According to Plaintiff, this damage to the land formation by Defendants has caused Plaintiff injury because it cannot produce and reduce to possession oil and gas from its well. The Supreme Court previously stated that "the Legislature has prescribed that actions concerning damages to land must be brought in the county where the land is situated." Atchison, Topeka & Santa Fe Ry. Co. v. Superior Court of Creek County, 1961 OK 290, ¶ 26, 368 P.2d 475.

¶14 Because this action concerns whether damage to land caused injury to Plaintiff, we conclude the trial court's decision on venue under the facts presented is proper pursuant to 12 O.S.2011 § 131(2) requiring actions for damage to land to be brought in the county where the damage occurs. Plaintiff's claim that it sustained injury to its contractual rights to produce and reduce to possession oil and gas depends on whether it can show Defendants damaged the land. The trial court's order dismissing Plaintiff's action for improper venue pursuant to 12 O.S.2011 § 131(2) is affirmed.

CONCLUSION

¶15 We conclude the trial court properly granted Defendants' motions to dismiss for improper venue and affirm.

¶16 AFFIRMED.

GOODMAN, V.C.J., and FISCHER, P.J., concur.

FOOTNOTES

[1] Defendant Ramco, Inc., also filed a "Response to Summons and Request to be Withdrawn from Suit" prior to filing its motion to dismiss for improper venue.

[2] Defendants filed a motion requesting Plaintiff's appeal be removed from the accelerated procedure prescribed by Rule 1.36 of the Oklahoma Supreme Court Rules, 12 O.S. Supp. 2015, ch. 15, app. 1, and reassigned "for disposition by the regular appellate process." We deny this motion.

[3] Defendant TODCO Properties, Inc., filed a motion to dismiss for improper venue or alternatively a motion to transfer the case to Noble County.

[4] "Oil and gas in situ are part of the realty, but when severed from the leasehold they become personal property." Halliburton Oil Producing Co. v. Grothaus, 1998 OK 110, ¶ 15, 981 P.2d 1244 (footnotes omitted). Thus, "oil in place is a mineral and part of the realty, but when severed from the ground and reduced to possession it is personal property." Keystone Pipe & Supply Co. v. Crabtree, 1935 OK 861, ¶ 8, 50 P.2d 1086; see also Federal Deposit Ins. Corp. v. Sumner, 1991 OK CIV APP 69, ¶ 9, 820 P.2d 1357 ("Oil and gas in place are part of the realty for so long as they remain unsevered.").






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1991 OK CIV APP 69, 820 P.2d 1357, 62 OBJ 3784, Federal Deposit Ins. Corp. v. Sumner
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 28, 752 P.2d 1116, 59 OBJ 847, Ranola Oil Co. v. Corporation Com'n of Oklahoma
Discussed
 1992 OK 117, 847 P.2d 333, 63 OBJ 2303, James Energy Co. v. HCG Energy Corp.
Discussed
 1935 OK 861, 50 P.2d 1086, 174 Okla. 562, KEYSTONE PIPE & SUPPLY Co. v. CRABTREE
Discussed
 1961 OK 290, 368 P.2d 475, ATCHISON, T. & S.F. RY. CO. v. SUPERIOR COURT OF CREEK COUNTY
Discussed
 2005 OK 89, 130 P.3d 226, LEE v. BATES
Discussed
 1977 OK 212, 571 P.2d 462, BROOKS HALL CORP. v. SEAY
Discussed
 1979 OK 22, 591 P.2d 697, HINDS v. PHILLIPS PETROLEUM CO.
Discussed at Length
 1926 OK 1016, 260 P. 508, 127 Okla. 292, GUARANTY STATE BANK of TISHOMINGO v. FIRST NAT. BANK of ARDMORE
Discussed
 1998 OK 110, 981 P.2d 1244, 69 OBJ 3784, Halliburton v. Grothaus
Discussed at Length
 1984 OK 42, 683 P.2d 530, Shields v. Moffitt
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 131, Actions Brought where Subject Located
Discussed at Length
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA